**IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY**

| | |
|---|---|
| Jefdan Properties, LLC ) | |
| 2235 Conquest Way ) | |
| Odenton, MD 21113 ) | |
| ) | |
| Plaintiff ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| Washington Capital Partners ) | |
| aka WCP Fund I, LLC ) | |
| 2815 Hartland Road, Ste. 200 ) | |
| Falls Church, VA 22043 ) | |
| ) | |
| **RESIDENT AGENT/ATTORNEY** ) | |
| Russell Drazin, Esq. ) | |
| 4400 Jenifer Street, NW, Suite 2 ) | |
| Washington, DC 20015 ) | |
| ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

NOW COMES, Jefdan Properties, LLC (hereinafter "Plaintiff"), by and through his attorney, Kwaku D. Ofori, Esquire, and Ofori Law Firm, LLC, pursuant to Maryland Rule 2-203, allege upon information and belief files this complaint against Washington Capital Partners, aka WCP Fund I, LLC, and in support of his claims against Defendant hereby state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action.

2. Jurisdiction is proper in the Circuit Court inasmuch as the amount in controversy is over the monetary limits of the lower courts' jurisdiction.

3.   Venue is proper in this County under MD Code §§ 6-201(b) and 6-203(b)(1) because the subject property, 2427 Callow Avenue, Baltimore, MD 21217 is located in Baltimore City.

4.   Defendants are subject to this Court's personal jurisdiction under MD Code § 6-103.

## PARTIES

5.   Plaintiff, Jefdan Properties, LLC owned by Beatrice Derefaka is a business registered in the State of Maryland and in good standing.

6.   Defendant, Washington Capital Partners aka WCP Fund I, LLC hereinafter "WCP") is a foreign corporation incorporated under the laws of the State of Delaware, with a principal address of 2815 Heartland Road, Suite 200, Falls Church, VA  22043 authorized to and/or doing business in the State of Maryland as alleged herein.

7.   John Does 1-50 include any successors to and assigns of the rights and obligations of the named defendants herein.

## FACTUAL ALLEGATIONS

8.    That on September 23, 2021 Defendant (the "Borrower") entered into a loan agreement with WCP Fund I LLC (the "Lender") whereby Lender extended loan in the amount of $620,000.00 to rehabilitate her commercial property as a first mortgage. (See Exhibit 1-1 Mtg. Note)

9.    That the Lender, WCP Fund I LLC extended a second mortgage in the amount of $71,800.00 to rehabilitate the subject property. (See Exhibit 2-2nd Mtg.)

10.    That under the terms of the loan agreement, Defendant/Lender was to advance certain sums of money to Defendant/Borrower at certain stages of the

construction process by Borrower submitting draw requests.

11.     That throughout the construction process, Borrower's draw requests were delayed by the Lender through no fault of the Borrower. For example, there were times when the construction draw manager, Mr. Grant will take days off work and Borrower's draw request will be sitting unattended until the draw manager returned to work, thus causing delay in construction and being charged interest. (See Exhibit 3 – June 5, 2023 Email)   There was a time when Lender lost Borrower's draw request.

12.     That there was also a period when the draw manager, Mr. Grant went on his honeymoon and left borrower's request unattended, and borrower had to wait two weeks before he returned to work and attended to her draw request.  (See Exhibit 4-May 31, 2024 Email; Exhibit 5-February 14, 2022 Email)

13.     That the lender on several occasions underfunded the project by paying less money to Borrower to do the work than requested.  This led to borrower having to seek funds elsewhere to make up for the underfund by lender.  (See Exhibit 6-April 10, 2024 Email; Exhibit 7-May 14, 2023 Email; Exhibit 8-February 12, 2024 Email; Exhibit 9-January 8, 2024 Email)

14.     That the Lender, in order to enrich themselves and with intent to foreclose on the subject property made several loan extensions, charging Borrower thousands of dollars in loan extension fees, knowing or having reason to know that they will attempt to foreclose the subject property for default.  (See Exhibit 12-April 22, 2024 Email)

15.     That the Lender further underfunded the loan causing severe financial

hardship and stress on Borrower.

16.    That Lender suddenly decided to stop borrower from making any further draws to complete the project yet continued to charge Borrower interest and other fees through no fault of Borrower but the Lender's own fault in order to foreclose on Borrower's property.  (See Exhibit 10-July 11, 2024 Email)

17.    That Lender has scheduled a foreclosure sale on Borrower's property on March 20, 2025 at 12:00pm (See Exhibit 11-Foreclosure Sale Notice)

## COUNT I: BREACH OF CONTRACT

18.    That Plaintiff reassert and incorporate by reference the allegations in Paragraphs 1 through 17 above.

19.    That the Lender's actions breached the terms of the loan agreement.

20.    That the Lender caused frequent delays in processing the draws submitted, and lender thereafter charged Plaintiff default fees.

21.    That Lender underfunded the project thereby causing Plaintiff to look elsewhere to complete each stage of the project.

22.    That Lender further caused delays in inspection of the project at various stages of the project, thereby, further delaying the project's completion time.

23.    That Lender completely stopped funding the project, thereby leaving Plaintiff scrambling looking for funds to complete the project.

24.    That Lender expected Plaintiff to payoff the loan within a certain timeframe, even though Lender knew or had reason to know that they were the cause of the delay and the subsequent default.

25.    That the lender suddenly stopped Plaintiff from making any further draws.

4

26.    That the lender declined to honor any draw request made by Plaintiff for no reason, even though the project was not one hundred percent completed.

27.    That Lender proceeded to foreclose on Plaintiff's property, setting Thursday, March 20, 2025 at 12:00pm for the foreclosure sale at the steps of the Circuit Court.

28.    That despite Plaintiff's plea to Lender to cancel the foreclosure sale and allow Plaintiff time to refinance and payoff Lender, Lender refused.

29.    That the Lender's actions breached the terms of the loan agreement.

## COUNT II: FRAUD IN THE INDUCEMENT

30.    Plaintiff reassert and incorporate by reference the allegations in Paragraphs 1 through 29 above.

31.    That Defendant caused delays in the review and Plaintiff's draw request on several occasions.

32.    That Defendant underfunded Plaintiff's draw request on several occasions, resulting in Plaintiff's inability to meet completion deadline.

33.    That Plaintiff's inability to meet completion deadline resulted in Defendant imposing additional charges against Plaintiff.

34.    That the additional charges resulted in Plaintiff's inability to repay the loan and subsequent default.

35.    That the additional default charges were intended to force Plaintiff to give up the property through foreclosure so Defendant could collect on all the exorbitant and unnecessary charges for themselves.

36.     That Defendant caused Plaintiff to sign four loan modifications, each time increasing the loan balance which Defendant knew or had reason to know were unjustified.

37.     That Defendant's actions, including misrepresentations, underfunding, delays in approving draw requests constitute fraud in the inducement.

## COUNT III: MARYLAND MORTGAGE FRAUD PROTECTION ACT (MMFPA)  VIOLATION

38.     That Plaintiff reasserts and incorporate by reference the allegations in Paragraphs 1 through 37 above.

39.     That Defendant's actions constitute violations of the Maryland Mortgage Fraud Protection Act ("MMFPA").

40.     That the Act is intended to combat fraudulent activities in the mortgage lending process and prohibit actions such as making misrepresentations with the intent to defraud any party involved in a mortgage transaction.

41.     That Defendant's actions, including but not limited to underfunding the project, delays in approving draw requests, forced loan modifications, imposing default fees, misrepresentations in the lending process constitutes violations of the MMFPA.

42.     That because of Defendant's violations of the MMFPA, Plaintiff has been harmed in an amount to be demonstrated at trial, but at least in excess of $150,000.00.

43.     That in addition to damages, Plaintiff is entitled to and should be awarded reasonable attorney's fees, as provided for in the MMFPA.

**WHEREFORE,** for all of these reasons, Plaintiff respectfully requests this Honorable Court to render judgment in favor of Plaintiff granting:

1.    Compensatory Damages in an amount to be demonstrated at trial, but at least in excess of One Hundred Thousand Dollars ($150,000.00).

2.    Reasonable attorney's fees, as provided for in the MMFPA;

3.    Any such other and further relief as the Court deems reasonable and appropriate.

Respectfully Submitted,

/s/ Kwaku D. Ofori
_____
Kwaku D. Ofori, Esq. (CPF#0406150231)
kdofori@oorilawfirm.com
Ofori Law Firm, LLC
White Oak Professional Park
11215-B Lockwood Drive
Silver Spring, MD 20901
Phone: (301) 592-8818
Fax: (301) 592-8839
Email: kdofori@oforilawfirm.com
Attorneys for Plaintiff, Jefdan Properties, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of March, 2025 a copy of the foregoing

Plaintiff's Complaint was E-Filed and a copy served on Defendants' Resident Agent and

Attorney:

Washington Capital Partners
aka WCP Fund I, LLC
2815 Hartland Road, Ste. 200
Falls Church, VA  22043

**RESIDENT AGENT/ATTORNEY**
Russell Drazin, Esq.
4400 Jenifer Street, NW, Suite 2
Washington, DC  20015

/s/ Kwaku D. Ofori
Kwaku D. Ofori, Esq.

2427 Callow Ave Baltimore MD 21217
LOAN-005927

Prepared by and return to:
Washington Capital Partners
2815 Hartland Road, Suite 200
Falls Church, VA 22043
Attn: Victoria Junkins, Esq.

## DEED OF TRUST

**THIS DEED OF TRUST**, made effective as of September 23, 2021, by and between **Jefdan Properties, LLC**, a Maryland Limited Liability Company, hereinafter referred to as the "Grantor" (index as Grantor), with an address of 2575 Evergreen Rd , Odenton, MD 21113, and **Daniel Huertas**, hereinafter referred to as the "Trustee" (index as Grantee), with an address of 2815 Hartland Road, Suite 200, Falls Church, VA 22043.

WHEREAS, Grantor is justly indebted to **WCP Fund I LLC**, a Delaware Limited Liability Company, hereinafter referred to as the "Beneficiary," with an address of 2815 Hartland Road, Suite 200, Falls Church, VA 22043, in its capacity as Agent (as hereinafter defined) under any co-lending agreement, for money borrowed in the amount of **$620,000.00** ("Loan Amount"), for which amount the said Grantor has made and delivered a certain Commercial Deed of Trust Note of even date herewith, in the original principal amount of the Loan Amount payable to the order of the Beneficiary (the "Note"); and

WHEREAS, the Grantor desires to secure the Beneficiary and any subsequent holder of the Note secured hereby the full and punctual payment of said debt, when and as the same shall become due and payable, as well as any and all renewals and extensions of said Note, or any part thereof, together with interest thereon, and the performance of the covenants and agreements herein and therein contained, and also to secure the reimbursement to the holder or holders of said Note or to the Trustee or substitute Trustee, and any purchaser or purchasers of said Note from the Beneficiary, or grantee or grantees under any sale or sales conducted by the Trustee or Substitute Trustee under the provisions of this Deed of Trust for all money which may be advanced as herein provided for, and for any and all costs and expenses incurred or paid on account of any litigation at law or in equity which may arise in respect to this Deed of Trust, or in respect to the indebtedness or the property herein described, or in obtaining possession of the Mortgaged Property either before or after any sale which may be made as hereinafter provided for.

## ARTICLE I

## DEFINITIONS

1.0 Definitions.

2427 Callow Ave Baltimore MD 21217

Grantor, Trustee and Beneficiary agree that, unless the context otherwise specifies or requires, the following terms shall have the meaning herein specified, such definitions to be applicable equally to the singular and the plural forms of such terms and to all genders:

(a) Beneficiary - The party hereinabove designated as such, its successors and assigns.

(b) Event(s) of Default - Any of the happenings, events, circumstances or occurrences described in Article VII of this Deed of Trust.

(c) Grantor - The party hereinabove designated as such, and that party's heirs, survivors, administrators, executors, successors and assigns.

(d) Impositions - All (i) real estate taxes, and other taxes of every kind and character; and (ii) all water and sewer rents and charges; and (iii) all other public charges, taxes, homeowners association assessments, fees, governmental and non-governmental charges, to the extent any of the foregoing are imposed or assessed upon the Grantor or the Mortgaged Property or arising in respect of the occupancy, use or possession thereof.

(e) Improvements - Any and all buildings, structures, improvements, alterations or appurtenances now erected or at any time hereafter constructed, renovated, or placed upon the Mortgaged Property or any portion thereof and any replacements thereof.

(f) Indebtedness - The principal of and the interest on, and all other amounts, payments and premiums due on account of the Note and all other indebtedness of the Grantor to the Beneficiary payable pursuant to the Note.

(g) Land - The real estate described in "EXHIBIT A" attached hereto and by this reference made a part hereof.

(h) Leases - all leases, subleases, licenses, concessions, tenancies, occupancy agreements and other agreements entered into by or on behalf of Grantor demising, leasing or granting rights of possession or use of all or any portion of the Mortgaged Property, together with all modifications, extensions or renewals thereof now existing or hereafter executed.

(i) Mortgaged Property - The Land, the Improvements. , the Personal Property, all development rights transferred or appurtenant to the Land, all easements and other rights now or hereafter made appurtenant to the Land, all additions and accretions to the Land, all fixtures, machinery, equipment, and appliances at any time attached to, or located in or on the Land in which Grantor has an interest, existing and future development rights, permits and approvals, air rights and other similar land use permits, approvals or entitlements associated with the Land; and all proceeds of any of the foregoing.

Rev 5.2016

2427 Callow Ave Baltimore MD 21217

(j) Note - The Commercial Deed of Trust Note made by the Grantor payable to the order of the Beneficiary of even date herewith, in the original principal amount of the Loan Amount, and all modifications, renewals, substitutions, and extensions of the aforesaid Note.

(k) Obligations - Any and all of the covenants, promises and other obligations (other than the Indebtedness) made or owing by the Grantor to the Beneficiary pursuant to or as otherwise set forth in this Deed of Trust.

(l) Person - shall mean any individual, corporation, partnership, joint venture, association, joint stock company, trust, trustee, estate, limited liability company, unincorporated organization, real estate investment trust, government or any agency or political subdivision thereof, or any other form of entity.

(m) Personal Property -- all "Accounts", "Cash proceeds", "Chattel paper", "Collateral", "Commercial tort claims", "Deposit accounts", "Documents", "Electronic chattel paper", "Equipment", "Fixtures", "General intangibles", "Goods", "Instruments", "Inventory", "Investment property", "Letter-of-credit rights", "Noncash proceeds", "Payment intangibles", "Proceeds", "Software", "Supporting Obligations", and "Tangible chattel paper", as defined in the Uniform Commercial Code, in which Grantor has any interest, whether currently owned or hereafter acquired, including but not limited to all such property relating to, generated from, arising out of or incidental to the ownership, development, use or operation of the Land (whether or not subsequently removed from the Land), including, without limitation, all (i) machinery, tools, appliances, apparatus, equipment, and fittings; (ii) rugs, carpets and other floor coverings; (iii) draperies and drapery rods and brackets, awnings, window shades, venetian blinds and curtains; (iv) lamps, chandeliers, and other lighting fixtures; (v) office maintenance and other supplies; (vi) apparatus, appliances, furniture and furnishings, building service equipment, and building materials, supplies and equipment; (vii) heating, lighting and plumbing fixtures, fire prevention and extinguishing apparatus, cooling and air-conditioning systems, elevators, escalators, fittings, plants, apparatus, stoves, ranges, refrigerators, laundry machines, tools, machinery, engines, dynamos, motors, boilers, incinerators, switchboards, conduits, compressors, vacuum cleaning systems, floor cleaning, waxing and polishing equipment, call systems, brackets, electrical signs, bulbs, bells, ash and fuel, conveyors, cabinets, lockers, shelving, spotlighting equipment, dishwashers, garbage disposals, washers and dryers; (viii) Leases, lease guarantees, contracts, contract rights, franchise agreements, licenses, permits and certificates; (ix) tenements, hereditaments and appurtenances; (x) approvals and parcel maps (whether tentative or final), building permits and certificates of occupancy; (xi) management agreements, service contracts, supply contracts or other contracts or agreements; (xii) warranties; (xiii) plans and specifications prepared for construction of Improvements on the Mortgaged Property, or any part thereof, and studies, data and drawings related thereto, including, without limitation, studies, data or reports relating to toxic or hazardous wastes or materials located on the Mortgaged Property, all environmental audits, studies and reports, approvals and agreements, and contracts and agreements of Grantor relating to the aforesaid plans and specifications or to

Rev 5.2016

the aforesaid studies, data, reports and drawings or to the construction of Improvements on the Mortgaged Property; (xiv) sales agreements, marketing studies, feasibility studies, deposit receipts, escrow agreements and other ancillary documents and agreements entered into respecting the sale to any purchasers of any part of the Mortgaged Property and other proceeds of the sale thereof; (xv) deposits made with or other security given to utility companies by Grantor with respect to the Mortgaged Property and/or Improvements; (xvi) advance payments of insurance premiums made by Grantor with respect to, and all claims or demands with respect to, insurance; (xvii) insurance proceeds (including insurance proceeds for insurance not required under the terms of this Security Instrument); (xviii) condemnation awards; and (xix) causes of action, claims, compensation, awards and recoveries for any damage or injury to the Mortgaged Property and/or Improvements or for any loss or diminution in value of the Mortgaged Property and/or Improvements.

(n) Trustee - The parties hereinabove designated as such, their successors and substitutes.

ARTICLE II

GRANT

2.0 Grant.

NOW, THEREFORE, the Grantor, in consideration of the premises and of the sum of TEN and NO/100 DOLLARS ($10.00) lawful money of the United States of America, the receipt of which is hereby acknowledged by the Grantor, and in order to secure the payment of the Indebtedness and the Note and the performance and discharge of the Obligations, does by these presents, grant, give, bargain, sell, assign, convey, release, warrant, mortgage, transfer, hypothecate, pledge, set over and confirm unto the Trustee, their successors and assigns forever, in fee simple, the Mortgaged Property, TO HAVE AND TO HOLD the said Mortgaged Property unto the said Trustee, their successors and assigns, forever;

IN TRUST, to secure (a) the payment to the Beneficiary of the Indebtedness and all other sums due under the Note and/or this Deed of Trust, (b) the performance and discharge of the Obligations and of all covenants and agreements in the Note, (c) the performance and discharge of all covenants and agreements in all documents and/or instruments evidencing, securing, or otherwise relating to the Indebtedness (collectively, "Loan Documents") other than the Note and this Deed of Trust, (d) any and all future or additional advances (whether or not obligatory) made by Beneficiary (i) to protect or preserve the Mortgaged Property or the lien or security interest created hereby on the Mortgaged Property, or (ii) for taxes, assessments, or insurance premiums as hereinafter provided, or (iii) for performance of any of Grantor's obligations hereunder or under the other Loan Documents, or (iv) for any other purpose provided herein or in the other Loan Documents (whether or not the original Grantor remains the owner of the Mortgaged Property at the time of such advances), together with interest thereon as provided for in the Note, and (e) any and all other indebtedness now owing or which may hereafter be owing

2427 Callow Ave Baltimore MD 21217

by Grantor to Beneficiary, however and whenever incurred or evidenced, whether express or implied, direct or indirect, absolute or contingent, or due or to become due, and all renewals, modifications, amendments, restatements, consolidations, substitutions, replacements, and extensions thereof.

2.1 Possession.

Until the occurrence of an Event of Default, the Beneficiary shall promptly permit the Grantor to possess and enjoy the Mortgaged Property.

2.2 Condition of Grant.

The condition of these presents is such that if Grantor shall pay or cause to be paid the Indebtedness as and when the same shall become due and payable under the Note, and shall observe, perform and discharge the Obligations, then Beneficiary and the Trustee shall release and reconvey unto and at the cost of Grantor the Mortgaged Property whereupon this Deed of Trust shall cease and be void and the Mortgaged Property shall be released from the lien hereof at the cost of the Grantor.

## ARTICLE III

## REPRESENTATIONS AND WARRANTIES

3.0 Representations and Warranties.

Grantor hereby represents and warrants to Beneficiary that:

3.1 Validity of Loan Instruments.

(a) The execution, delivery and performance by Grantor of the Note and this Deed of Trust, (i) are within the legal powers of Grantor, and (ii) will not violate any provision of law, any order of any court or other agency of government, or any indenture, agreement or other instrument to which Grantor is a party or by which they or any of their property is bound or be in conflict with, result in a breach of or constitute (with due notice or lapse of time or both) a default under any such indenture, agreement or other instrument, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of its property or assets, except as contemplated herein; and (b) the Note does, and this Deed of Trust when executed and delivered by Grantor will, constitute the legal, valid and binding obligations of in accordance with their respective terms, subject to the limiting effect of applicable bankruptcy, insolvency, moratorium, reorganization or other similar laws of general applicability relating to creditor's rights, and the exercise of judicial discretion which may limit certain remedies therein provided.

3.2 Mortgaged Property and Other Property.

Rev 5.2016

2427 Callow Ave Baltimore MD 21217

Grantor has good and marketable title in fee simple to the Mortgaged Property free and clear of any liens, charges, encumbrances, security interests and adverse claims whatsoever. This Deed of Trust is and will remain a valid and enforceable first lien on the Mortgaged Property. The Grantor has full power and lawful authority to subject the Mortgaged Property to the lien of this Deed of Trust in the manner and form herein contemplated. The Grantor will preserve such title, and will forever warrant and defend the same to the Trustee and will forever warrant and defend the validity and priority of the lien hereof against the claims of all persons and parties whomsoever.

## ARTICLE IV

## AFFIRMATIVE COVENANTS

4.0 Affirmative Covenants.

Until the entire Indebtedness shall have been paid in full, Grantor hereby covenants and agrees as follows:

4.1 Compliance with Laws.

Grantor will promptly, fully and faithfully comply with, conform to and obey all present and future laws, ordinances, rules, regulations, requirements which may be applicable to the manner of use, occupancy, possession, operation, maintenance, alteration, and repair of the Mortgaged Property.

4.2 Payment of Impositions.

Grantor will pay and discharge, or cause to be paid and discharged, not later than the due date thereof or the date any fine, penalty, interest or cost may be added thereto or imposed by or pursuant to law for the nonpayment thereof (whichever date shall first occur) or, at the direction of the Beneficiary, as soon as the same become liens, whether or not then due and payable, any Impositions upon or assessed against the Mortgaged Property or arising in respect of the occupancy, use or possession thereof. The Grantor will, upon the request of the Beneficiary, deliver to the Beneficiary from time to time receipts evidencing the payment of all such Impositions.

4.3 Repairs and Waste.

Grantor will at all times keep and maintain the Mortgaged Property in good order, condition and repair and will promptly make, from time to time, all repairs, renewals, replacements, additions and improvements, interior and exterior, structural and nonstructural, ordinary and extraordinary, foreseen and unforeseen, as may be necessary or desirable to accomplish the purposes of this Section. The Grantor will not commit any waste upon the Mortgaged Property or make or permit any change in the use of the

Rev 5.2016

2427 Callow Ave Baltimore MD 21217

Mortgaged Property which will in any way increase any ordinary fire or other hazard arising out of the operation thereof.

4.4. Insurance.

Grantor will keep the Improvements insured against loss by fire, casualty and such other hazards as may from time to time be required by the Beneficiary for the benefit of the Beneficiary. The Grantor shall maintain such public liability and indemnity insurance as may from time to time be reasonably required by the Beneficiary. All such insurance shall be written in forms, amounts and by companies satisfactory to the Beneficiary and losses thereunder, shall be payable to the Beneficiary pursuant to a standard mortgagee's endorsement. Duplicate originals of each such policy of insurance shall be delivered to the Beneficiary and the Grantor shall provide the Beneficiary with such evidence of the payment of premiums due on account of such insurance as may from time to time be required by the Beneficiary. All such policies shall provide that the same shall not be invalidated by any waiver of the right of subrogation by any insured and shall provide that the carrier shall have no right to be subrogated to the Beneficiary. All such policies shall provide for at least thirty (30) days' prior written notice to all insureds named thereon (including, without limitation, the Beneficiary) prior to any cancellation, surrender or modification thereof, including without limitation, cancellation for nonpayment of premium. The Grantor shall give the Beneficiary prompt notice of any loss covered by such insurance and the Beneficiary shall have the right to join the Grantor in adjusting any loss. Any funds received as payment for any loss under any such insurance shall be paid over to the Beneficiary and shall be applied by the Beneficiary, should there then exist any Event of Default hereunder that is continuing and not cured by Grantor, to the prepayment of the Indebtedness, without premium or penalty, or, should no Event of Default have occurred and be continuing uncured hereunder, then to the reimbursement of Grantor for expenses actually incurred by the Grantor in the restoration or replacement of the Improvements.

4.5 Restoration Following Casualty.

In the event of the happening of any casualty (including, without limitation, any casualty for which insurance was not obtained or obtainable) resulting in damage to or destruction of the Mortgaged Property or any part thereof, the Grantor shall give prompt written notice of the time, nature and extent thereto to the Beneficiary and, as long as no Event of Default exists hereunder that is continuing and not cured by Grantor, then the Beneficiary shall apply the proceeds of insurance to the restoration, repair or replacement of the Mortgaged Property or in the event the casualty was not insured, the Grantor shall, at the sole cost and expense of the Grantor and whether or not the proceeds of insurance, if any, are sufficient for the purpose, promptly commence and diligently continue to restore, repair and replace the Mortgaged Property as nearly as possible to its condition immediately prior to such casualty.

2427 Callow Ave Baltimore MD 21217

4.6 Performance of Other Agreements.

Grantor will comply in a timely way, and otherwise abide by and perform, all of the terms, agreements, obligations, covenants, restrictions and warranties binding upon the Grantor under any easement, right-of-way, covenant, restriction, or other agreement with respect to or in any manner affecting the Mortgaged Property or any part thereof.

4.7 Further Assurances.

Grantor, at his/her/its sole cost and expense, will make, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignments, transfer and assurances as the Trustee or the Beneficiary shall from time to time reasonably require, for the better assuring, conveying, assigning, transferring and confirming unto the Trustee the property and rights hereby conveyed or assigned or intended now or hereafter so to be, or which the Grantor may be or may hereafter become bound to convey or assign to the Trustee, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust.

4.8 Advances.

In the event the Grantor shall fail to perform any of the covenants contained herein then the Beneficiary, with or without notice to the Grantor, may, but shall not be required to, make advances to perform the same in its behalf, and all sums so advanced shall be a lien upon the Mortgaged Property and shall be secured hereby. Any advance so made shall be charged interest at the default rate provided herein.

4.9 Deposits for Taxes and Related Matters.

Beneficiary shall not require the Grantor to deposit with Beneficiary in escrow those amounts sufficient to discharge over time the Impositions and the premiums on the insurance required pursuant hereto unless an Event of Default has occurred.

4.10 Indemnity - Hold Harmless.

Grantor shall forever indemnify and save the Beneficiary and the Trustee harmless from all loss, liability, damage, costs and expenses, including, without limitation, reasonable attorneys' fees, and title and survey costs, incurred by reason of any action, suit, proceeding, hearing, motion or application before any Court or administrative body in or which the Beneficiary or the Trustee may be or become a party by reason of this Deed of Trust, whether as holder of this Deed of Trust, as mortgagee-in-possession, as successor-in-interest to Grantor, by foreclosure deed or deed in lieu of foreclosure, including, without limitation, with respect to (a) any accident to, injury to or death of persons or loss of or damage to property occurring on or about the Mortgaged Property, (b)any failure on the part of the Grantor to perform or comply with any of the terms, covenants, conditions and

2427 Callow Ave Baltimore MD 21217

agreements set forth in the this Deed of Trust, (c) performance of any labor or services or the furnishing of any materials or other property in respect of the Mortgaged Property or any other part thereof for construction or maintenance or otherwise, (d) any action brought against any party attacking the validity, priority or enforceability of this Deed of Trust, and/or (e) bankruptcy. All money paid or expended by Beneficiary or Trustee in connection with any of the foregoing, together with interest thereon from day of such payment at the default rate set forth in the Note, shall be so much additional indebtedness secured hereby and, except as otherwise provided herein, shall be immediately and without notice due and payable by Grantor. The obligations of the Grantor under this Section shall survive any foreclosure, deed in lieu of foreclosure, release, termination or satisfaction of this Deed of Trust.

4.11 Lockbox Access.

Grantor to install a combination lockbox on the subject Mortgaged Property and provide said lockbox combination to the Beneficiary. Lockbox is to remain located on property at all times during term of this Deed of Trust. Grantor irrevocably grants permission to Beneficiary and/or Trustee to enter into any improvement on the Mortgaged Property at any time and for any purpose consistent with ensuring Grantor's compliance with the terms and conditions of this Deed of Trust.

4.12 Sign Installation.

Grantor hereby allows Grantee to install a 18x24 sign in the yard of the Mortgaged Property during term of this Deed of Trust.

## ARTICLE V

## NEGATIVE COVENANTS

5.0 Negative Covenants

Until the Indebtedness shall have been paid in full, Grantor covenants and agrees as follows:

5.1 Other Liens - Transfers

Grantor will not, without the prior written consent of the Beneficiary, create or permit to be created or remain, any mortgage, pledge, lien, lease, encumbrance or charge or security interest, or conditional sale or other title retention agreement, with respect to the Mortgaged Property or any part thereof or income therefrom, whether prior or subordinate to the lien of this Deed of Trust, except as otherwise consented to in writing by Beneficiary. Except for any grant, conveyance, sale, assignment or transfer of the Mortgaged Property which is conditioned upon the release of record of this Deed of Trust, the Grantor will not, without the prior written consent of the Beneficiary, make, create or

consent to any grant, conveyance, sale, assignment or transfer of the Mortgaged Property or any part thereof, other than as consented to by Beneficiary.

### 5.2 Impairment of Security

Grantor will take no action which will in any manner impair the value of the Mortgaged Property or the security of this Deed of Trust.

### 5.3 Occupancy.

Unless otherwise agreed to in writing by the Beneficiary, Grantor shall not allow any person or persons to occupy the Mortgaged Property during the term of the Note.

## ARTICLE VI

## EMINENT DOMAIN – CONDEMNATION

### 6.0 Notice.

Grantor shall give the Trustee and the Beneficiary prompt written notice of the actual or threatened commencement of any proceedings under the power of condemnation or eminent domain affecting all or any part of the Mortgaged Property, and the Grantor will deliver to the Trustee and the Beneficiary true and complete copies of any and all documents and papers served upon the Grantor in connection with any such proceedings promptly following receipt thereof by the Grantor.

### 6.1 Assignment of Condemnation Awards.

Grantor hereby irrevocably assigns, transfers and sets over unto the Beneficiary all right, title, interest and estate of the Grantor in and to any award or payment made in respect of any proceeding under the power of condemnation or eminent domain relating to the Mortgaged Property and initiated subsequent to the recordation of this Deed of Trust.

### 6.2 Application of Proceeds.

All proceeds received by or for the account of the Beneficiary as a result of, or by agreement in anticipation or in lieu of, any exercise of the power of condemnation or eminent domain with respect to the Mortgaged Property, shall be applied by the Beneficiary in the following order of priority: (a) to reimburse the Beneficiary for all costs and expenses actually and reasonably incurred by the Beneficiary in connection with the collection of such award or payment, including, without limiting the generality of the foregoing, reasonable attorney's fees; and (b) to the prepayment of the amount then due on account of the Indebtedness, without premium or penalty; and (c) to the Grantor. In the event, however, that in the opinion of the Beneficiary such taking will not materially affect the value of the Mortgaged Property, then the Beneficiary may disburse the entire proceeds

2427 Callow Ave Baltimore MD 21217

of the taking to the Grantor; provided, however, that the Beneficiary shall then have the right to specify the manner in which such proceeds shall be disbursed by the Grantor; and, provided further, that the payment of the proceeds to the Grantor shall not affect the lien hereof or reduce the amount of Indebtedness.

## ARTICLE VII

## EVENTS OF DEFAULT

7.0 Events of Default.

The term "Event(s) of Default" shall mean the occurrence or happening, from time to time, of any one or more of the following or any other occurrences to/by the Grantor (both severally and/or jointly):

7.1 Payment of Indebtedness.

If the Grantor shall default in the payment of any portion of the Indebtedness when and as the same shall become due and payable under the Note.

7.2 Performance of Obligations.

If the Grantor shall default in the due observance or performance of any of the Obligations under the Note or this Deed of Trust.

7.3 Appointment by Receiver.

If by the order of a court of competent jurisdiction, a trustee, receiver or liquidator of the Mortgaged Property or any part thereof, or of the Grantor, shall be appointed and such order shall not be discharged or dismissed within ninety (90) calendar days after such appointment.

7.4 Voluntary Bankruptcy.

If the Grantor shall file a petition in bankruptcy or for an arrangement or for reorganization pursuant to the Bankruptcy Reform Act of 1978, as amended, or any similar law, federal or state, or if, by decree of a court of competent jurisdiction, the Grantor shall be adjudicated a bankrupt, or be declared insolvent, or shall make an assignment for the benefit of creditors, or shall admit in writing his inability to pay his debts generally as they become due, or shall consent to the appointment of a receiver or receivers of all or any part of its property.

7.5 Involuntary Bankruptcy.

2427 Callow Ave Baltimore MD 21217

If any of the creditors of the Grantor shall file a petition in bankruptcy against the Grantor, pursuant to the Federal Bankruptcy Reform Act of 1978, as amended, or any similar law, federal or state, and if such petition shall not be discharged or dismissed within ninety (90) calendar days after the date on which such petition was filed.

7.6 Judgments.

If final judgment for the payment of money or the establishment of a mechanic's lien shall be rendered against the Grantor and the Grantor shall not discharge the same or cause it to be discharged within thirty (30) calendar days from the entry thereof, or shall not appeal therefrom or from the order, decree or process upon which or pursuant to which said judgment was granted, based or entered, and secure a stay of execution pending such appeal.

7.7 Transfer of Mortgaged Property.

With the exception of the sale of the Mortgaged Property, which sale is conditioned upon the release of the Mortgaged Property from the lien of this Deed of Trust, if Grantor shall transfer, or agree to transfer, in any manner, either voluntarily or involuntarily, by operation of law or otherwise, all or any portion of the Mortgaged Property, or any interest therein without, in any such case, the prior written consent of Beneficiary. NOTICE – THE INDEBTEDNESS SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY HEREIN CONVEYED IN TRUST.

7.8 Occupancy.

Grantor represents and covenants to Trustee and Beneficiary that, as of the effective date of this Deed of Trust (at the latest), the Mortgaged Property is vacant. Grantor further covenants to Trustee and Beneficiary that, so long as this Deed of Trust remains a lien against the Mortgaged Property, the Mortgaged Property will remain vacant and Grantor will not permit the Mortgaged Property to be occupied by anyone, including Grantor. Grantor further covenants that, to the extent that the Mortgaged Property was tenanted prior to the effective date of this Deed of Trust, Grantor properly adhered to all tenants rights laws with proper notices and procedures.

7.9 Other Indebtedness

Any default under or breach of any document or instrument evidencing or securing any indebtedness, obligation, or liability of any kind or nature – other than the Indebtedness and the Obligations secured hereby – of Grantor or any guarantor of the Indebtedness, or any of their affiliates, to Beneficiary, whether now existing or hereafter created or arising, direct or indirect, material or immaterial, and whether absolute or contingent, joint, several or joint and severally and howsoever owned, held, or acquired.

Rev 5.2016

2427 Callow Ave Baltimore MD 21217

7.10 Death or Incapacity

Upon the death or incapacity of the Grantor (if applicable) or of any guarantor of the Indebtedness (if applicable).

## ARTICLE VIII

## DEFAULT AND FORECLOSURE

8.0 Remedies.

If an Event of Default shall occur, then the Trustee or the Beneficiary may, at the option of the Beneficiary, exercise any or all of the following remedies:

(a) Foreclosure Sale. During the continuance of any such Event of Default, the Trustee personally or by its agents or attorneys, upon the instruction of the Beneficiary, may sell the Mortgaged Property, or any part or parts thereof, and all estate, right, title, interest, claims and demand therein, at public auction at such time and place and upon such terms and conditions as the Trustee may deem appropriate or as may be required or permitted by applicable law or rule of court, having first given, advertised, and published such notice of the time, place and terms of foreclosure/public auction by publication in at least one newspaper published or having a general circulation in the county, city or jurisdiction in which the Mortgaged Property is located, once a week for two successive weeks, or by such other methods, if any, as the Trustee or any title insurance company, insuring the lien hereof, may deem appropriate.

(b) Other Remedies. During the continuance of any Event of Default, the Trustee and the Beneficiary may take such other steps to protect and enforce their respective rights, whether by action, suit or proceeding in equity or at law, or in aid of any power granted in the Note or this Deed of Trust, or for the enforcement of any other appropriate legal or equitable remedy, or otherwise, as the Trustee or the Beneficiary may elect.

8.1 Adjournment of Sale.

The Trustee may adjourn from time to time any sale to be made under, or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale; and, except as otherwise provided by any rule of law, the Trustee, without further notice or publication, may make such sale at the time and place to which the same shall be so adjourned.

8.2 Conveyance by Trustee.

Upon the completion of any sale or sales made by the Trustee under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Trustee or an

Rev 5.2016

Page **13** of **28**

2427 Callow Ave Baltimore MD 21217

officer of the court empowered so to do, shall execute and deliver to the purchaser or purchasers a good and sufficient instrument, or instruments, conveying, assigning and transferring all estate, right, title and interest in and to the Mortgaged Property and rights sold. The Trustee is hereby appointed the irrevocable true and lawful attorney of the Grantor in its name and stead to make all necessary conveyances, assignments, transfers and deliveries of the Mortgaged Property and rights so sold and for that purpose the Trustee may execute all necessary instruments of conveyance, assignment and transfer, and may substitute one or more persons with like power, the Grantor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof. Any such sale or sales made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of the Grantor in and to the properties and rights so sold, and shall be a perpetual bar, both at law and in equity, against the Grantor and against any and all persons claiming or who may claim the same, or any part thereof from, through or under the Grantor.

8.3 Purchase by Beneficiary.

In the event of the sale made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Beneficiary shall be competent to bid for and acquire the Mortgaged Property or any part thereof.

8.4 Waiver of Redemption - Exemptions Waived.

Grantor will not at any time insist upon, or plead, or in any manner whatever claim or take any benefit or advantage of any stay or extension or moratorium law, any exemption from attachment, execution or sale of the Mortgaged Property or any part thereof, wherever enacted, now or at any time hereafter in force, which may affect the covenants and terms of performance of this Deed of Trust, nor claim, take or insist upon any benefit or advantage of any law now or hereafter in force providing for the valuation or appraisal of the Mortgaged Property, or any part thereof, prior to any sale or sales thereof which may be made pursuant to any provision herein, or pursuant to the decree, judgment or order of any court of competent jurisdiction; or after any such sale or sales, claim or exercise any right under any statute heretofore or hereafter enacted to redeem the property so sold or any part thereof, and the Grantor hereby expressly waives all benefit or advantage of any such law or laws, and covenants not to hinder, delay or impede the execution of any right, power or remedy herein granted or delegated to the Trustee or the Beneficiary, but to suffer and permit the execution of every power as though no such law or laws had been made or enacted. The Grantor, for herself and all who claim under her, waives, to the extent that it lawfully may, the benefit of any homestead exemption and any and all right to have the Mortgaged Property marshaled upon any sale or foreclosure hereunder.

8.5 Remedies Cumulative and Concurrent.

2427 Callow Ave Baltimore MD 21217

No remedy conferred upon or reserved to the Trustee or the Beneficiary is intended to be exclusive of any other remedy or remedies, and each and every such remedy shall be cumulative, and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every right, power and remedy given by this Deed of Trust to the Trustee or the Beneficiary shall be concurrent and may be pursued separately, successively or together against the Grantor; and every right, power and remedy given by this Deed of Trust to the Trustee or the Beneficiary may be exercised from time to time as often as may be deemed expedient by the Trustee or the Beneficiary.

8.6 Application of Proceeds.

The proceeds of any sale made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, together with any other sums which may then be held by the Trustee or the Beneficiary pursuant to this Deed of Trust, shall be applied as follows:

(a) First, to the payment of the costs and expenses of such sale, including, without limitation, compensation to the Trustee and the Beneficiary, their respective agents and counsel, and of any judicial or other proceeding wherein the same may be made, and of all expenses, liabilities and advances made or incurred by the Trustee or the Beneficiary under this Deed of Trust, and all taxes and assessments due upon the Mortgaged Property at the time of such sale and to discharge any other lien prior to this Deed of Trust, except any taxes, assessments or other liens subject to which the Mortgaged Property shall have been sold.

(b) Second, to the payment of whatever may then remain unpaid on account of the Indebtedness, with interest thereon to the date of payment or as otherwise provided in the Note.

(c) Third, to the payment of any other sums required to be paid by the Grantor pursuant to any provision of the Note or this Deed of Trust, including, without limitation, all expenses, liabilities and advances made or incurred by the Beneficiary under this Deed of Trust or in connection with the enforcement thereof, together with interest on all such advances.

(d) Fourth, to the payment of the surplus, if any, to whomsoever may be lawfully entitled to receive the same upon the delivery and surrender of the Mortgaged Property sold and conveyed.

## ARTICLE IX

## THE TRUSTEE

2427 Callow Ave Baltimore MD 21217

9.0 Acceptance - Standard of Conduct

Trustee, by acceptance hereof, hereby covenants faithfully to perform and fulfill the trusts herein created; provided, however, that the Trustee shall be liable hereunder only for gross negligence, willful misconduct or bad faith. In any event, the Trustee shall be indemnified and forever held harmless by the Beneficiary for any action which the Trustee may take pursuant to and in reliance upon the written instructions of the Beneficiary.

9.1 Fees and Expenses.

Grantor shall pay all reasonable costs, fees and expenses of the Trustee, its agents and counsel, incurred in connection with the performance of the Trustee's duties hereunder. Nothing contained in this Deed of Trust shall be construed to require the Trustee to make any advances of funds for the benefit of either the Grantor or the Beneficiary for any reason or purpose.

9.2 Commissions on Sale.

In the event of any sale made under or by virtue of Article VIII of this Deed of Trust, whether made under the power of sale therein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, Trustee shall be entitled to retain as compensation a commission of 5.00% of the proceeds of such sale.

9.3 Commission on Advertisement.

Immediately upon the first publication of an advertisement of any sale to be made under or by virtue of Article VIII of this Deed of Trust, whether made under the power of sale therein granted or under or by virtue of judicial proceeding or of a judgment or decree of foreclosure and sale, Trustee shall be entitled to receive as compensation from the Grantor a commission of 2.50% of the total amount then due on account of the Indebtedness and, upon the first publication of any such advertisement, such commission shall be considered earned by the Trustee, payable by the Grantor, and a part of the Indebtedness. The commissions provided for in Sections 9.2 and 9.3 shall not be cumulative.

9.4 Resignation.

Trustee may resign at any time after thirty (30) calendar days' notice in writing to the Grantor and the Beneficiary.

9.5 Acts of Trustee.

In the event more than one person is designated as Trustee herein, then either or any of them may act without the other when the circumstances shall so require and the act of either or any of them shall be considered as the act of both or all.

2427 Callow Ave Baltimore MD 21217

9.6 Successor Trustee - Substitution.

The Beneficiary may remove the Trustee at any time or from time to time, with or without reason or cause. In the event of the death, removal, resignation, refusal to act or inability to act of the Trustee, or in the sole discretion of the Beneficiary for any reason, without notice to any party, and without application to any court, a successor or substitute Trustee may be appointed by the Beneficiary by a designation in writing of a successor Trustee by the filing for record in the office where this Deed of Trust is recorded of a Deed of Appointment. Such power of appointment may be exercised whenever and as often as the Beneficiary may consider it advisable and the exercise of such power of appointment, no matter how frequently, shall not be considered a termination thereof. Upon the recordation of any such Deed of Appointment, the successor or substitute trustee so appointed shall thereupon without further act or deed, become fully vested with the same title and estate in and to the Mortgaged Property as the Trustee, as aforesaid, and have all of the rights, powers, trusts, duties and authority of the Trustee. Whenever in the Note or this Deed of Trust reference is made to the Trustee, such reference shall be held and construed to mean the Trustee for the time being, whether original successor or substitute.

## ARTICLE X

## RELEASE

10.0 Release of Lien.

The lien of this Deed of Trust shall be released at the expense of the Grantor upon payment in full of the Indebtedness and satisfaction and discharge of the Obligations.

## ARTICLE XI

## MISCELLANEOUS

11.1 Notices.

All notices, demands, requests and other communications pursuant to the provisions of the Note and this Deed of Trust shall be in writing and shall be deemed to have been properly given or served for all purposes when presented personally, or one business day after having been sent by a nationally recognized overnight delivery service or a local courier service, charges prepaid, or three (3) calendar days after having been sent by United States Registered or Certified Mail - Return Receipt Requested, postage prepaid, to the respective addresses as follows:

(a) If to the Grantor, then to: **2575 Evergreen Rd , Odenton, MD 21113**

2427 Callow Ave Baltimore MD 21217

(b) If to the Beneficiary, then to: **2815 Hartland Rd Suite 200, Falls Church, VA 22043, with a courtesy copy to Pardo & Drazin, LLC, Attn: Russell S. Drazin, Esquire, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015**

(c) If to the Trustee, then to them at: **2815 Hartland Rd Suite 200, Falls Church, VA 22043, with a courtesy copy to Pardo & Drazin, LLC, Attn: Russell S. Drazin, Esquire, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015**

Any of the parties may designate a change of address by notice in writing to the other parties. Whenever in this Deed of Trust the giving of notice by mail or otherwise is required, the giving of such notice may be waived in writing by the person or persons entitled to receive such notice.

11.2 Severability.

In the event any one or more of the provisions of this Deed of Trust shall for any reason be held to be invalid, illegal or unenforceable, in whole or in part or in any respect, or operates or would prospectively operate to invalidate this Deed of Trust, then and in either of those events, at the option of the Beneficiary, such provision or provisions only shall be held for naught and the remaining provisions of the Deed of Trust shall remain operative and in full force and effect and shall in no way be affected, prejudiced or disturbed thereby.

11.3 Successors and Assigns.

(a) All of the grants, covenants, terms, provisions and conditions of the Note and this Deed of Trust shall run with and bind the Mortgaged Property and shall apply, bind and inure to the benefit of, the successors and assigns of the Grantor, the successors in trust of the Trustee, and all persons claiming under or through any of them.

(b) Notwithstanding anything to the contrary in this Deed of Trust, (i) there shall be no limitation or restriction on Beneficiary's ability to assign, pledge or otherwise transfer the Indebtedness or other Obligations, and (ii) Beneficiary may at any time assign all or a portion of the Indebtedness and other Obligations to one or more Persons (each a "Transferee") without providing notice to Grantor or obtaining Grantor's consent. Following any such assignment, (i) the Transferee thereunder shall be a party hereto and, have the same rights, benefits and obligations as the Beneficiary hereunder, and (ii) the assigning Beneficiary shall have no further rights hereunder with respect to the assigned portion of Indebtedness and other Obligations. Grantor hereby acknowledges and agrees that any such assignment will give rise to a direct obligation of Grantor to the Transferee and that the Transferee shall be considered to be a "Beneficiary" hereunder. Each Transferee shall have all of the rights, obligations and benefits with respect to the Indebtedness, Obligations, Note, Mortgaged Property and/or Loan Documents held by it as fully as if the original holder thereof. Agent (as hereinafter defined) may disclose to any

2427 Callow Ave Baltimore MD 21217

Transferee all information, reports, financial statements, certificates and documents obtained under any provision of any Loan Document.

(c)Any assignment pursuant to Section 11.3(b) above may be evidenced by a note, at the election of Beneficiary. Upon written notice from Beneficiary, Grantor shall promptly (and in any event within three (3) business days after any such request) execute and deliver to Agent any such documents as Beneficiary may require to confirm such assignment, evidence the Indebtedness, and/or to otherwise effectuate such assignment including, without limitation, original replacement notes in form and substance satisfactory to Agent and payable to the order of Beneficiary and/or a Transferee in an aggregate principal amount equal to the stated principal amount of the Loan.

(d) Beneficiary shall act as initial administrative noteholder for itself and any Transferee (together with any successor administrative noteholder, the "Agent"). Grantor acknowledges that Agent shall have the sole and exclusive authority to execute and perform this Deed of Trust and each Loan Document on behalf of the Beneficiary, subject to the terms of any co-lending agreement. Grantor shall rely conclusively on the actions of Agent to bind the Beneficiary, notwithstanding that the particular action in question may, pursuant to this Deed of Trust or any co-lending agreement be subject to the consent or direction of another Person. Beneficiary may resign or be replaced as Agent in accordance with the term of any co-lending agreement and upon such removal or resignation, a successor Agent shall be appointed in accordance with the terms of any co-lending agreement.

11.4 Modification - Waiver.

None of the terms or provisions of the Deed of Trust may be changed, waived, modified, discharged or terminated except by instrument in writing executed by the party or parties against which enforcement of the change, waiver, modification, discharge or termination is asserted.

11.5 Captions and Headings.

The captions and headings contained in this Deed of Trust are included herein for convenience of reference only and shall not be considered a part hereof and are not in any way intended to limit or enlarge the terms hereof.

11.6 Warranty.

The Grantor warrants generally the title to the Mortgaged Property.

11.7 Applicable Law.

This Deed of Trust shall be governed by and construed, interpreted and enforced in accordance with and pursuant to the laws of the jurisdiction in which the Mortgaged Property is located.

2427 Callow Ave Baltimore MD 21217

11.8 Time of Essence.

Time shall be of the essence of each and every provision of this Deed of Trust of which time is an element.

11.9 Business Purpose.

Grantor warrants that the proceeds of the Note and any and all other secured Indebtedness shall be used exclusively for the acquisition or conduct of a business or commercial enterprise and that the loan evidenced by the Note is a "commercial loan."

11.10 Tenant Leases and Rents.

(a) Grantor does hereby absolutely and irrevocably assign, convey, transfer and set over to Beneficiary all of Grantor's right, title, estate and interest in and to all Leases, rents, issues, income and profits from the Mortgaged Property (collectively, "Income"). Such assignment shall not impose upon Beneficiary any duty to produce income from the Mortgaged Property. Beneficiary hereby grants to Grantor a license to collect, not more than one month in advance, and as trustee for the benefit of Beneficiary, the Income. Grantor shall apply the Income so collected first to payment of any and all amounts due under the Loan Documents and second to the funding of any escrows required under the Loan Documents. Thereafter, so long as no Event of Default exists, Grantor may use the Income in any manner not inconsistent with its obligations under the Loan Documents. The license granted hereby shall be revoked automatically upon the occurrence of an Event of Default hereunder.

(b) Grantor shall not enter into any Lease without the express written consent of Beneficiary. Grantor does hereby absolutely and irrevocably assign, convey, transfer and set over to Beneficiary all of Grantor's right, title, estate and interest in and to all Leases. Such assignment shall not impose upon Beneficiary any duty to produce income from the Mortgaged Property. Beneficiary hereby grants to Grantor a license to operate and manage the Mortgaged Property under any and all Leases. The license granted hereby shall be revoked automatically upon the occurrence of an Event of Default hereunder.

(c) Grantor shall enforce all terms and conditions of all Leases and shall not permit any default by a tenant thereunder to continue longer than necessary to pursue its remedies. Grantor shall perform all of its obligations under and in respect of all Leases. In the event of a default by tenant under a Lease, Grantor shall diligently exercise all rights and remedies available to Grantor therefor, including but not limited to termination, eviction and reletting.

(d) The foregoing subparagraphs (a), (b), and (c) shall not constitute, or be construed to be, Beneficiary's waiver of the requirement set forth herein and the other Loan Documents that the Mortgaged Property be and remain vacant and unoccupied during the

2427 Callow Ave Baltimore MD 21217

term of the Note and so long as this Deed of Trust remains a lien upon the Mortgaged Property. Waiver of said requirement must be express and in writing separate and apart from foregoing subparagraphs (a), (b), and (c).

11.11 All Obligations.

This Deed of Trust is given to secure certain present and future Indebtedness and Obligations, including future advances, as provided in the Note. This Deed of Trust and the liens created hereby shall secure any and all Indebtedness and Obligations of Grantor to Beneficiary of every nature whatsoever, whether created heretofore or hereafter.

11.12 Assignment of Contracts

Grantor hereby irrevocably and unconditionally assigns its right, title, and interest in and to all contracts executed in connection with the Mortgaged Property and all contract rights arising therefrom. So long as no default or Event of Default exist under this Deed of Trust, the Note or any other Loan Documents, Beneficiary grants a license to Grantor to use the contracts and contract rights for the benefit of the Mortgaged Property. However, upon a default or Event of Default Deed of Trust, Grantor's license shall immediately and automatically be revoked, and Beneficiary, at its option, may assume the contracts; provided, however, Beneficiary shall not be liable for any amounts due under the contracts prior to the effective date of such assumption. Such assignment shall not impose upon Beneficiary any duty to assume or otherwise perform under such contracts.

11.13 Security Agreement.

For the purpose of securing the Indebtedness and Obligations, this Deed of Trust shall constitute a security agreement creating a security interest in (a) all Personal Property of Grantor included within or located on or to be delivered to the Mortgaged Property, including all such items of personal property hereafter acquired, and the proceeds thereof, and (b) all other Personal Property of Grantor relating in any way to the Indebtedness, Obligations, and/or the Loan Documents. Grantor hereby authorizes and agrees to execute and/or authorize such further agreements, instruments, financing statements, continuation statements, and other documents as may be necessary or appropriate to perfect and maintain the security interest herein granted to Beneficiary. Upon the occurrence of an Event of Default hereunder, Beneficiary shall have the remedies of a secured party under the Uniform Commercial Code for the jurisdiction in which the Mortgaged Property is located, including, without limitation, the right to take immediate possession of any collateral. Any sale of such collateral may be held as a part of and in conjunction with a sale by Trustee of the Mortgaged Property.

2427 Callow Ave Baltimore MD 21217

## ARTICLE XII

## STATUTORY PROVISIONS

12.1 Statutory Provisions.

This Deed of Trust is made under and pursuant to the provisions of the statutes and regulations of the jurisdiction in which the Mortgaged Property is located, as amended, and shall be construed to impose and confer upon the parties hereto and Beneficiary all the rights, duties, and obligations prescribed by said statutes and regulations, as amended, except as herein otherwise restricted, expanded, or changed.

**IN WITNESS WHEREOF**, the said Grantor has executed these presents on the year and day first above written.

**[Signature Page to Follow]**

2427 Callow Ave Baltimore MD 21217

**GRANTOR:**

**Jefdan Properties, LLC,**
a Maryland Limited Liability Company

_____(SEAL)
By:    Beatrice Derefaka
Its:    Sole Member and Manager

COUNTY OF _____ ) SS:
STATE OF    _____ )

I hereby certify on this _____ day of September, 2021, before me in the jurisdiction aforesaid, did personally appear Beatrice Derefaka,   known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

_____
NOTARY PUBLIC

My commission expires: _____

2427 Callow Ave Baltimore MD 21217

## EXHIBIT A

## LEGAL DESCRIPTION

2427 Callow Ave Baltimore MD 21217

## LICENSEE INFORMATION OR AFFIDAVIT IN LIEU THEREOF – MARYLAND CODE ANN., REAL PROPERTY § 3-104.1

**Licensee Information**

Maryland Mortgage Lender Name:_____

Maryland Mortgage Lender License Number:_____

Maryland Mortgage Loan Originator Name:_____

Maryland Mortgage Loan Originator License Number:_____

_____

**Affidavit in Lieu of Maryland Mortgage Lender or Maryland Mortgage Loan Originator Licensee Information**

(Check the box and complete the information for the applicable selection(s) below. As used herein, the term "Loan" means the mortgage loan secured by the security instrument attached hereto [for subsequent filings insert: "or, if no instrument is attached, by the security instrument recorded at liber/book _____, folio/page _____"].)

Affidavit of Individual Mortgage Loan Originator:

[ ] I, _____ [Insert name of affiant], whose address is _____ [Insert address of affiant], hereby affirm, under the penalties of perjury, that I am the individual who originated the Loan and, in connection therewith, I am exempt from the licensing requirements under Financial Institutions Article, §§11-601 through 11-618, Annotated Code of Maryland.

Affidavit of Lender:

[ ] I, _____ [Insert name of affiant], hereby affirm, under the penalties of perjury, that I am the [Insert Title] of _____ [Insert the name of the lender (the "Lender") that

2427 Callow Ave Baltimore MD 21217

made the Loan]. The Lender's address is _____ [Insert address of Lender]. I am duly authorized by the Lender to execute this affidavit. The Lender, in connection with the Loan, is exempt from the licensing requirements under Financial Institutions Article, §§11-501 through 11-524, Annotated Code of Maryland.

Affidavit of Lender (on its own behalf and on behalf of its employee who originated the Loan):

[X] I, _____ [Insert name of authorized signee], hereby affirm, under the penalties of perjury, that I am an Authorized Signer of **WCP Fund I LLC**, a Delaware Limited Liability Company. The Lender's address is 2815 Hartland Road, Suite 200, Falls Church, VA 22043. I am duly authorized by the Lender to execute this affidavit. The Lender, in connection with the Loan, is exempt from the licensing requirements under Financial Institutions Article, §§11-501 through 11-524, Annotated Code of Maryland. The employee of the Lender who originated the Loan is exempt from the licensing requirements under Financial Institutions Article, §§11-601 through 11-618, Annotated Code of Maryland.

Affidavit of Mortgage Broker (on behalf of its employee who originated the mortgage loan):

[ ] I, _____ [Insert name of affiant], hereby affirm, under the penalties of perjury, that I am the _____ [Insert title] of _____ [Insert the name of the broker (the "Broker") that brokered the Loan]. The Broker's address is _____ [Insert address of Broker]. I am duly authorized by the Broker to execute this affidavit. The employee of the Broker, _____ [Insert name of employee (the "Employee")], is the individual who originated the Loan. The Employee, in connection with the Loan, is exempt from the licensing requirements under Financial Institutions Article, §§11-601 through 11-618, Annotated Code of Maryland.

I SOLEMNLY AFFIRM, under the penalties of perjury and upon personal knowledge, that the contents of the foregoing paper are true.

_____ Date

_____ Signature of Affiant (Signing on behalf of Lender)

_____, Authorized  Print Name and Title of Affiant
Signer of WCP Fund I LLC

_____ Date

_____ Signature of Affiant (Individual Mortgage Loan Originator)

2427 Callow Ave Baltimore MD 21217

_____Print Name of Affiant

2427 Callow Ave Baltimore MD 21217

_____Date

_____Signature of Affiant
(Signing on Behalf of Mortgage Broker)

_____Print Name and Title of Affiant

COUNTY OF _____ ) SS:
STATE OF _____ )

    I hereby certify on this _____ day of September, 2021, before me in the jurisdiction aforesaid, did personally appear _____ [Insert name of authorized signee], as the authorized signer of **WCP Fund I LLC**, a Delaware Limited Liability Company, known or satisfactorily proven to be the person whose name is set forth in the within instrument, and executed the foregoing instrument and acknowledged the same instrument to be his act and deed for the purposes herein contained and in the capacity herein stated.

_____
NOTARY PUBLIC

My commission expires: _____

Rev 5.2016

Page **28** of **28**

This **Modification of Commercial Deed of Trust Note and Other Loan Documents** ("Agreement") is made as of the 23rd day of March, 2023 ("Effective Date"), by and between **Jefdan Properties, LLC,** ("Borrower"), a Maryland Limited Liability Company, on the one hand, and **SF NU LLC** ("Noteholder"), a New Mexico Limited Liability Company, on the other hand.

## <u>RECITALS</u>

**WHEREAS**, on July 31, 2020 ("Loan Date"), **WCP Fund I LLC** ("Lender"), a Delaware limited liability company, made a loan ("Loan") to Borrower in the principal amount of $71,800.00 ("Loan Amount") in connection with the real property and improvements thereon commonly known as 2427 Callow Ave Baltimore MD 21217 ("Property").

**WHEREAS**, Lender modified the Loan to Borrower and the corresponding Loan Documents (as defined herein) pursuant to that certain Modification of Commercial Deed of Trust Note and Other Loan Documents dated as of September 17, 2021, which extended the Maturity Date of the Loan to September 17, 2022 (the "First Loan Modification"). From and after the date hereof, all references to the "Loan" and the "Loan Documents" herein shall refer to the Loan and the Loan Documents as modified by the First Loan Modification.

**WHEREAS**, the Loan is memorialized in that certain Commercial Deed of Trust Note (as modified, the "Promissory Note") dated as of the date of the First Loan Modification in the original principal amount of the Loan Amount made by Borrower and payable to the order of Lender.

**WHEREAS**, the Promissory Note is secured by that certain Deed of Trust (as modified, the "Deed of Trust") from Borrower, as grantor, to Daniel Huertas, as trustee, for the benefit of Lender, as beneficiary, dated as of the date of the First Loan Modification in the original principal amount of the Loan Amount and recorded among the land records of the jurisdiction in which the Property is located. The Promissory Note, Deed of Trust, and all other documents executed in connection with the Loan are collectively hereinafter referred to as the "Loan Documents." All capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Loan Documents.

**WHEREAS**, the Deed of Trust is a valid and enforceable lien encumbering the Property in first lien position.

**WHEREAS**, the Loan is a lawful, valid, and fully-enforceable debt of Borrower, and the Loan Documents are lawful, valid, and fully-enforceable in accordance with their terms against Borrower and the Property.

**WHEREAS**, Noteholder and Lender are not in breach of or in default under the Loan Documents.

**WHEREAS**, Borrower has no claims of any kind whatsoever against Noteholder or Lender in connection with the Loan, Loan Documents, and/or Property.

1 of 4

**WHEREAS**, the current Maturity Date of the Loan pursuant to the First Loan Modification is September 17, 2022.

**WHEREAS**, Borrower has requested that the Loan and Loan Documents be modified to extend the Maturity Date from September 17, 2022 to July 23, 2023.

**WHEREAS**, Noteholder is willing to modify the Loan and Loan Documents as requested by Borrower upon the terms and conditions set forth in this Agreement.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and the foregoing recitals being expressly incorporated herein by reference, the parties agree as follows:

1.      Borrower represents and warrants to Noteholder that the foregoing recitals, which are incorporated herein by reference, are true, correct, and complete.

2.      In consideration of Noteholder entering into this Agreement, Borrower shall pay to Noteholder a loan modification fee of $3,590.00 ("Second Loan Modification Fee"). The Second Loan Modification Fee will be collected at payoff along with any accrued and unpaid extension fees.  The Loan Modification Fee shall not be credited against the Loan.

3.      Subject to Noteholder's timely receipt of the Loan Modification Fee, the Loan and Loan Documents hereby are modified such that the Maturity Date set forth in the Promissory Note is extended from September 17, 2022 to July 23, 2023. If Noteholder does not timely receive the Loan Modification Fee, then the Maturity Date shall not have been extended as contemplated in this paragraph and/or any such extension shall be void ab initio; provided, however, that the other terms and conditions of this Agreement shall be and remain in full force and effect.

4.      Borrower's default under or breach of this Agreement shall constitute a default and/or Event of Default under the Loan Documents.

5.      Except as set forth in this Agreement, all terms and conditions of the Loan Documents shall remain in full force and effect, and unchanged, except as necessary to be consistent herewith.

6.      Borrower waives and releases all claims, if any, against Noteholder and Lender occurring, arising, or accruing from the beginning of time and continuing through the Effective Date in connection with the Loan, Loan Documents, and Property.

7.      Should any portion, or portions, of this Agreement be found or declared unenforceable or void by any court or competent tribunal for any reason, the remaining portions shall be severable, and fully enforceable as if no such finding of unenforceability had issued.

8.      The parties declare that they fully understand the facts and all of their respective legal rights and liabilities; that they have been afforded the opportunity to review this Agreement

2 of 4

with counsel of their choice; that they believe the Agreement to be fair, just, and reasonable; and that they sign the Agreement freely and voluntarily.

9.      The waiver by any party of any breach of any provision of this Agreement shall not constitute or operate as a waiver of any other breach of such provision or of any other provision hereof, nor shall any failure to enforce any provision hereof operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

10.     This Agreement shall be governed by, and construed in accordance with, the law of the jurisdiction in which the Property is located and shall be binding upon, inure to the benefit of, and be enforceable by the parties and their respective successors, assigns, heirs, agents, and representatives.

11.     This Agreement contains the entire understanding of the parties with respect to the subject-matter of this Agreement, and there are no other agreements or understandings among the parties. There have been no representations or warranties, expressed or implied, as to the subject-matter of this Agreement.

12.     The parties shall sign such further and other documents, do and perform, and cause to be done and performed, such further and other acts and things as may be necessary or desirable in order to give full effect to this Agreement and every part thereof.

13.     This Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the Agreement to be drafted.

14.     Should Noteholder seek to enforce this Agreement and prevail in whole or in part, Noteholder shall be entitled to recover from Borrower the reasonable attorneys' fees and costs incurred in seeking to enforce this Agreement.

15.     This Agreement may be executed in counterparts. Signed copies of this Agreement shall have the same force and effect as a signed original.

**[BALANCE OF PAGE INTENTIONALLY BLANK]**

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the parties hereto have executed this Agreement under seal as of the day and year first above written.

<u>**BORROWER**</u>:

**Jefdan Properties, LLC,**
a Maryland Limited Liability Company

_____(SEAL)
Beatrice Derefaka (May 18, 2023 14:45 EDT)

By:    Beatrice Derefaka
Its:    Sole Member

<u>**NOTEHOLDER**</u>:

**SF NU LLC,**
a New Mexico Limited Liability Company

_____(SEAL)

By:    Jason Shrensky
Its:    Manager

4 of 4

# 2427 Callow Ave - 2nd Modification of Commercial 2nd DOT Note

**Final Audit Report** 2023-05-18

| | |
|---|---|
| Created: | 2023-04-26 |
| By: | Leslie Calderas (lcalderas@wcp.team) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAN97NcXIVny4pufvOAWvG_rkYhix8fa6E |

## "2427 Callow Ave - 2nd Modification of Commercial 2nd DOT Note" History

🗎 Document created by Leslie Calderas (lcalderas@wcp.team)
2023-04-26 - 3:17:17 PM GMT- IP address: 208.118.182.130

🖼 Document emailed to bfaka2013@gmail.com for signature
2023-04-26 - 3:18:06 PM GMT

🖼 New document URL requested by Leslie Calderas (lcalderas@wcp.team)
2023-05-18 - 1:16:54 PM GMT- IP address: 208.118.182.130

🗎 Email viewed by bfaka2013@gmail.com
2023-05-18 - 1:23:25 PM GMT- IP address: 172.58.187.164

✍ Signer bfaka2013@gmail.com entered name at signing as Beatrice Derefaka
2023-05-18 - 6:45:33 PM GMT- IP address: 172.58.187.141

✍ Document e-signed by Beatrice Derefaka (bfaka2013@gmail.com)
Signature Date: 2023-05-18 - 6:45:35 PM GMT - Time Source: server- IP address: 172.58.187.141

✔ Agreement completed.
2023-05-18 - 6:45:35 PM GMT

**Adobe Acrobat Sign**

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Tuesday, March 11, 2025 11:09 PM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: 2427 Callow Ave |

Delay in paying construction request because the construction draw manager took off for days

---------- Forwarded message ---------
From: **Grant Sears** <gsears@wcp.team>
Date: Mon, Jun 5, 2023 at 9:07 AM
Subject: RE: 2427 Callow Ave
To: Alethea <alethea@akingbrokerage.com>
CC: Beatrice Derefaka <bfaka2013@gmail.com>

Hi Alethea,

Apologies for the delay, I was out of town last Friday. Thank you for the note and understood on the plan moving forward. We'll be on the lookout for your draw request in the coming days.

Just a heads up, WCP is closing this Wednesday to Friday for a company trip. If anything is urgent, please be sure to send it over before end of day tomorrow.

Thanks,

--

**Grant Sears**

202-301-4470

**From:** Alethea <alethea@akingbrokerage.com>
**Sent:** Friday, June 2, 2023 8:34 AM
**To:** Grant Sears <gsears@wcp.team>
**Cc:** Alethea <alethea@akingbrokerage.com>; Beatrice Derefaka <bfaka2013@gmail.com>
**Subject:** Re: 2427 Callow Ave

1

EXHIBIT

3

Good day Sir,

I have gone through the inspection report and since there are a few items that was paid for, that I didn't request. Based on this, Beatrice & I have decided that we will just keep rolling and in the end, it will all balance out. I will just use take this inspection form in consideration going forward when requesting draws, so that were on the same page. Thanks for providing this form, as I was using the approved budget vs this document that I was never provided.

I will be requesting a draw in the next few days. Thanks again in advance for getting us the draws so expeditiously, as we are on a time crunch.

Kind regards,

Alethea King,

**REAL ESTATE BROKER, REALTOR, GRI, CPM, INVESTMENT CONSULTANT, GENERAL CONTRACTOR**

"As Seen On HGTV"

KB Real Estate

300 E. Lombard Street

Baltimore, MD 21202

410-412-4715 - Direct

410-779-1201 - Fax

On May 18, 2023, at 2:19 PM, Grant Sears <gsears@wcp.team> wrote:

Hi Alethea,

2

Thanks for taking the time to speak with me today. I'm attaching the WCP Construction Budget as well as the most recent Trinity Inspection report above. For reference, WCP has released $126,065.00 of a total $447,910.00 construction fund, leaving a remaining fund balance of $321,845.00.

As we agreed on the phone, our best course of action here will be to move forward with the $16,895.00 draw request to keep the project moving. In the meantime, please go through the Inspection Report and identify any line items that have been completed but not credited. We will submit your findings with the next draw request to Trinity and they should allocate funds accordingly. This should clear up any discrepancies between work completed and funds released.

Feel free to give me a call with any questions.

Thanks,

**Grant Sears**

Washington Capital Partners
www.washingtoncapitalpartners.com
8401 Greensboro Drive, Suite 960

Mclean, VA 22102
(202) 301-4470

<image001.png>

*This message, including any attachments, may contain confidential, proprietary, privileged, and/or private information from Washington Capital Partners. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.*

<Construction Budget (Remaining) - 2427 Callow Ave - signed (1).pdf><Inspection Report 5.12.23 - 2427 Callow Ave (1).pdf>

3

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Wednesday, March 12, 2025 1:41 AM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Draw request - 2427 Callow |
| **Attachments:** | Inspection Report 5.21.24 - 2427 Callow Ave'.pdf |

Delayed from 5/21/24 to 6/10/24 Mr Grants Honey moon.

---------- Forwarded message ---------
From: **Alethea King** <spectrumbosslady@gmail.com>
Date: Fri, May 31, 2024 at 7:45 AM
Subject: Draw request - 2427 Callow
To: Beatrice Derefaka <bfaka2013@gmail.com>, Grant Sears <gsears@wcp.team>, WCP Draws Dept <draws@wcp.team>

Good morning, (Grant is out of office)

Please find attached draw request for 2427 Callow Ave. Please put in inspection request today.

Thanks so much and enjoy your weekend.



EXHIBIT
4

1

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Wednesday, March 12, 2025 1:39 AM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Draw request - 2427 Callow |
| **Attachments:** | Inspection Report 5.21.24 - 2427 Callow Ave'.pdf |

Construction Draw specialist Mr Grand left for honey moon and I was kept waiting for 2 weeks for him to come back and process my draw. From 5/31/24 to 6/15/24

---------- Forwarded message ---------

From: **Alethea King** <spectrumbosslady@gmail.com>

Date: Fri, May 31, 2024 at 7:45 AM

Subject: Draw request - 2427 Callow

To: Beatrice Derefaka <bfaka2013@gmail.com>, Grant Sears <gsears@wcp.team>, WCP Draws Dept <draws@wcp.team>

Good morning, (Grant is out of office)

Please find attached draw request for 2427 Callow Ave. Please put in inspection request today.

Thanks so much and enjoy your weekend.

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Tuesday, March 11, 2025 10:47 PM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Re: Draw #1 - 2427 Callow |

---------- Forwarded message ---------
From: **Beatrice Derefaka** <bfaka2013@gmail.com>
Date: Fri, Jan 14, 2022 at 11:00 AM
Subject: Re: Re: Draw #1 - 2427 Callow
To: Viki Paz <viki@wcp.team>

Hello Viki,

I hope this finds you well?
Would you please advice on the draw status please. Its been a month since this draw was request. I understand your office is closed on Monday 1/17/21. I have also tried to call you at 202-559-3850. Please advice.
Newark regards,
Beatrice

On Wed, Jan 12, 2022 at 11:02 AM Viki Paz <viki@wcp.team> wrote:
Good Morning,

Can you please advise on how many units we are inspecting? It looks like 8 units.

Thank you,

Viki Paz | Construction Draw Specialist
Washington Capital Partners
www.washingtoncapitalpartners.com
2815 Hartland Road, Suite 200
Falls Church, VA, 22043
**Draws Direct Line:** (855) 515-1040
**Office:** (202) 559-3850



1



   

*This message, including any attachments, may contain confidential, proprietary, privileged, and/or private information from Washington Capital Partners. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.*

**From:** Walter Lyons <wlyons@smgholdingsinc.com>
**Sent:** Friday, December 31, 2021 11:20 AM

**To:** David Cantrell <dcantrell@wcp.team>
**Cc:** Viki Paz <viki@wcp.team>; Jared Fausnaught <Jared@wcp.team>
**Subject:** FW: Re: Draw #1 - 2427 Callow

David,

The draw request below was sent to you 11 days ago and the client didn't receive a call from an inspector.

The client is really frustrated at this so let me know a status update as soon as you can.

FYI:
Beatrice Derefaka  786-253-5366
bfaka2013@gmail.com


Best Regards,

Walter Lyons
**Washington, DC Offices:**
700 12th St NW
Suite #725
Washington, DC 20005
(844) SMG-FUND Main
(202) 904-2403 Office (Direct)
(240) 552-3346 Mobile
(202) 640-4845 Fax
Email: wlyons@smgholdingsinc.com
www.SMGHoldingsinc.com

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Wednesday, March 12, 2025 2:03 AM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Draw Callow. |

Stopped paying draw 4/11/24 and extension is till 4/23/25.

---------- Forwarded message ---------
From: **Grant Sears** <gsears@wcp.team>
Date: Wed, Apr 10, 2024 at 7:22 AM
Subject: RE: Draw Callow.
To: Beatrice Derefaka <bfaka2013@gmail.com>, Jared Fausnaught <Jared@wcp.team>, WCP Servicing
<servicing@wcp.team>
CC: Alethea King <spectrumbosslady@gmail.com>

Good morning Beatrice,

This draw has been approved. I received your signed lien release, these funds will go out before end of day. **Please read the below information.**

**Please note, this loan matures on 4/23/24. Our investor committee has advised that they will not be approving further draws between now and the maturity date, and they cannot guarantee that a further loan extension will be approved. This loan originated in 2021, and the project is not yet at 75% complete.**

**At this point, it is their strong recommendation that you pursue a refinance exit from this loan before reaching maturity. Please reach out to @Jared Fausnaught or @WCP Servicing for further assistance.**

Thank you,

--

**Grant Sears**

202-301-4470

EXHIBIT
6

1

**From:** Beatrice Derefaka <bfaka2013@gmail.com>
**Sent:** Monday, April 8, 2024 8:38 AM
**To:** Grant Sears <gsears@wcp.team>
**Subject:** Re: Draw Callow.

Can we get the today please.

Thanks

Beatrice

On Mon, Apr 8, 2024 at 8:36 AM Grant Sears <gsears@wcp.team> wrote:

Thanks for confirming. I will get the draw submitted and follow up once approved.

Thank you,

--

**Grant Sears**

202-301-4470

**From:** Beatrice Derefaka <bfaka2013@gmail.com>
**Sent:** Monday, April 8, 2024 8:36 AM
**To:** Grant Sears <gsears@wcp.team>
**Subject:** Re: Draw Callow.

Good morning Grand,

I confirm we can proceed with this amount.

Thank you,

Beatrice

On Mon, Apr 8, 2024 at 8:12 AM Grant Sears <gsears@wcp.team> wrote:

2

Good morning Alethea,

Please find the revised report attached. The revised eligible draw amount is $11,816. Please confirm we can proceed with this amount.

Thank you,

--

**Grant Sears**

202-301-4470

---

**From:** Alethea King <spectrumbosslady@gmail.com>
**Sent:** Friday, April 5, 2024 12:34 PM
**To:** Beatrice Derefaka <bfaka2013@gmail.com>; Grant Sears <gsears@wcp.team>
**Subject:** Re: Draw Callow.

Hi,

1) Dishwasher

2) More funds for Rangehoood. We agreed would merge with Microwave since we're using hoods instead

3) We only have two kitchen's left & it will not be 5k for cabinets. Please try to release at least 2k more for this line item

4) I couldn't toggle, so make sure toilets included (4)

Kind Regards,

**Alethea King,**

**BROKER, GRI, CPM. GENERAL CONTRACTOR**

*"As Seen On HGTV"*

**KB REAL ESTATE, LLC**

300 E. LOMBARD STREET

BALTIMORE, MD 21202

**DIRECT: 410-412-4715**

On Fri, Apr 5, 2024 at 11:11 AM Grant Sears <gsears@wcp.team> wrote:

Good morning,

Please find attached the inspection report for your review. The eligible draw amount is $8,825.00.

Please review and confirm that you accept the results or if you have any questions to be addressed.

Kindly note that we are unable to address any discrepancies identified in the report, if any exist.

Best,

4

### Grant Sears | Construction Draws Manager

Washington Capital Partners
www.washingtoncapitalpartners.com
8401 Greensboro Drive, Suite 960

Mclean, VA 22102



*This message, including any attachments, may contain confidential, proprietary, privileged, and/or private information from Washington Capital Partners. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.*

---

**From:** Grant Sears
**Sent:** Tuesday, April 2, 2024 5:03 PM
**To:** Alethea King <spectrumbosslady@gmail.com>; Beatrice Derefaka <bfaka2013@gmail.com>
**Subject:** RE: Draw Callow.

Hi Alethea,

Thank you for reaching out. This draw inspection has been ordered. Trinity should be in contact within 24 hours to schedule inspection.

Thanks,

--

**Grant Sears**

202-301-4470

---

**From:** Alethea King <spectrumbosslady@gmail.com>
**Sent:** Tuesday, April 2, 2024 4:59 PM
**To:** Beatrice Derefaka <bfaka2013@gmail.com>; Grant Sears <gsears@wcp.team>
**Subject:** Draw Callow.

Hello Grant, please schedule inspection. Thanks

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Tuesday, March 11, 2025 10:45 PM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Draw #6 - 2427 Callow - URGENT! |
| **Attachments:** | SIGNED CONSTRUCTION BUDGET CALLOW.pdf; 2427 Callow Draw 6.pdf; Inspection Report 5.12.23 - 2427 Callow Ave (1).pdf |

They changed the draw schedule to reduce the amount of money to be requested at each completed work. They also removed important part of the construction work.
Thus is my project manager bringing it to there attention

---------- Forwarded message ---------
From: **Alethea** <alethea@akingbrokerage.com>
Date: Sun, May 14, 2023 at 7:47 AM
Subject: Re: Draw #6 - 2427 Callow - URGENT!
To: Walter Lyons <wlyons@smgholdingsinc.com>
CC: Alethea <alethea@akingbrokerage.com>, Beatrice Derefaka <bfaka2013@gmail.com>


Good morning Walter,

This email is to formalize the discrepancy in the (most recent) draw #6 for 2427 Callow.

1) The inspector showed up at the property with the exact inspection report you sent me below. This form **doesn't have drywall** on it.

2) Please see attached approved draw schedule, that **I have been using that was signed/approved by the lender, that does include drywall**.

3) Draw #6  is missing  $5,000 for drywall and the corresponding photos was included in the inspection report by inspector. I am requesting a total of $22,500 for draw #6.

I only use the signed approved budget/draw schedule provided to me by the lender and not sure when or how the document the inspector was provided became incorrect. When I asked the inspector why his document do not match the actual budget/draw schedule; he simply stated that this was the document he was provided by the bank. Please have the correct draw schedule provided to the inspector, so we can avoid any further issues.

Thanks for your time and attention and I look forward to hearing from you Monday.
Note: In addition, the contingency was not requested and was swapped with an electrical draw, but it's ok because if I can get this entire draw, it will equal out.



Kind regards,

Alethea King,
**REAL ESTATE BROKER, REALTOR, GRI, CPM, INVESTMENT CONSULTANT, GENERAL CONTRACTOR**

"As Seen On HGTV"

KB Real Estate
300 E. Lombard Street
Baltimore, MD 21202
410-412-4715 - Direct
410-779-1201 - Fax

On May 12, 2023, at 6:18 PM, Walter Lyons <wlyons@smgholdingsinc.com> wrote:

<Inspection Report 5.12.23 - 2427 Callow Ave (1).pdf>

## Kwaku Ofori

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Tuesday, March 11, 2025 11:39 PM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Draw Callow |
| **Attachments:** | Inspection Report 2.6.24 - 2427 Callow Ave.pdf |

12 days to pay a draw and always with lesser amount than requested for the construction draw

---------- Forwarded message ---------
From: **Alethea King** <spectrumbosslady@gmail.com>
Date: Mon, Feb 12, 2024 at 7:11 AM
Subject: Draw Callow
To: Beatrice Derefaka <bfaka2013@gmail.com>, Grant Sears <gsears@wcp.team>

Hello Grant,

Please schedule inspection. Thanks so much and I hope you had a great weekend.



EXHIBIT
8

1

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Tuesday, March 11, 2025 11:29 PM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Draw attached 2427 Callow |
| **Attachments:** | Inspection Report 1.4.24 - 2427 Callow Ave.pdf |

They wanted to pay only $1117.00. After so much back and fort was paid a different amount

---------- Forwarded message ---------
From: **Alethea King** <spectrumbosslady@gmail.com>
Date: Mon, Jan 8, 2024 at 12:35 PM
Subject: Draw attached 2427 Callow
To: Grant Sears <gsears@wcp.team>
CC: Beatrice Derefaka <bfaka2013@gmail.com>

Hello Grant, Happy New Year! Please find attached draw for 2427 Callow. Please schedule inspection.
Thanks.



EXHIBIT
9

1

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Wednesday, March 12, 2025 1:49 AM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Draw request Callow (2 of 2) |

Correction: the draw request was stopped in 7/9/24. My loan was supposed to be extended till 7/23/24. (I list 2 weeks) before my loan termed.

---------- Forwarded message ---------
From: **Beatrice Derefaka** <bfaka2013@gmail.com>
Date: Thu, Jul 11, 2024 at 8:37 AM
Subject: Fwd: Draw request Callow (2 of 2)
To: Roxana Cordova <RCordova@wcp.team>

Good morning,

Any up date from your meeting yesterday in reference to the draws been stopped effective 7/9/24? Please advice!
Thanks,
Beatrice

---------- Forwarded message ---------
From: **Beatrice Derefaka** <bfaka2013@gmail.com>
Date: Wed, Jul 10, 2024 at 12:23 PM
Subject: Fwd: Draw request Callow (2 of 2)
To: Roxana Cordova <RCordova@wcp.team>

---------- Forwarded message ---------
From: **Alethea King** <spectrumbosslady@gmail.com>
Date: Fri, Jun 7, 2024 at 2:43 PM
Subject: Re: Draw request Callow (2 of 2)
To: Beatrice Derefaka <bfaka2013@gmail.com>, Grant Sears <gsears@wcp.team>, WCP Draws Dept <draws@wcp.team>

Attached is what Grant sent to me on Tuesday that he was supposed to change to include 100% of air handlers & furnace.

We have not received revised amount/report for approval.



EXHIBIT
10

1

Kind Regards,


**Alethea King**,
**BROKER, GRI, CPM. GENERAL CONTRACTOR**

*"As Seen On HGTV"*

**KB REAL ESTATE, LLC**
**300 E. LOMBARD STREET**
**BALTIMORE, MD 21202**

**DIRECT: 410-412-4715**


On Fri, Jun 7, 2024 at 11:11 AM Alethea King <spectrumbosslady@gmail.com> wrote:
 Hi,

 This draw was submitted on Monday and we have yet to receive funds. Please help!



pardo | drazin LLC
ATTORNEYS AND COUNSELORS AT LAW

Russell S. Drazin
(202) 683-1562 Direct
rdrazin@pardodrazin.com

March 7, 2025

**<u>VIA FIRST CLASS MAIL AND CERTIFIED MAIL –
RETURN RECEIPT REQUESTED</u>**

**JEFDAN PROPERTIES, LLC**

2427 Callow Avenue
Baltimore, MD 21217

2016 Orleans Street
Baltimore, MD 21231

2675 Evergreen Road
Odenton, MD 21113

c/o Kwaku D. Ofori, Esquire
White Oak Professional Park
11215-B Lockwood Drive
Silver Spring, MD 20901

2575 Evergreen Road
Odenton, MD 21113

c/o Beatrice DeRefaka, Resident Agent
2235 Conquest Way
Odenton, MD 21113

RE:    2427 Callow Avenue, Baltimore, MD 21217
(Account ID No. 13-11-3453-001J) ("Property")

<u>Russell S. Drazin v. Jefdan Properties, LLC</u>,
In the Circuit Court for Baltimore City
Case No. **C-24-CV-25-000165**

Dear Sir or Madam:

Pursuant to Maryland law, enclosed is a copy of an advertisement of a foreclosure sale of the above-referenced Property, setting forth the time, place, and terms of the sale.

The name, address, and telephone number of the individual authorized to make the sale are as follows: Russell S. Drazin, c/o Pardo & Drazin, LLC, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015, (202) 223-7900.

4400 Jenifer Street, NW, Suite 2
Washington, DC 20015
www.pardodrazin.com





EXHIBIT
11

(202) 223-7900  Office
(202) 223-7901  Fax
Admitted in DC/MD/VA



**pardo | drazin** LLC
ATTORNEYS AND COUNSELORS AT LAW

March 7, 2025
Page 2

Sincerely yours,

PARDO & DRAZIN, LLC

By: _____

Russell S. Drazin

RSD:das
Enclosure

**Pardo & Drazin, LLC**
**Russell S. Drazin, Attorney**
**4400 Jenifer Street, NW, Suite 2**
**Washington, DC 20015**
**202-223-7900**

**SUBSTITUTE TRUSTEE'S SALE**
**OF REAL PROPERTY**

**2427 Callow Avenue**
**Baltimore, MD 21217**

**Account ID 13-11-3453-001J**

Under a power of sale contained in a certain Deed of Trust (the "Deed of Trust") dated July 31, 2020 and recorded on September 8, 2020 in Book 22257 at Page 488 from JEFDAN PROPERTIES, LLC ("Borrower"), a Maryland limited liability company, as grantor, to DANIEL HUERTAS ("Original Trustee"), as trustee, for the benefit of WCP FUND I LLC ("Lender"), a Delaware limited liability company, as beneficiary, securing that certain Commercial Deed of Trust Note (the "Note") dated July 31, 2020 in the principal amount of $71,800.00 made by Borrower, as borrower, payable to the order of Lender, as payee, default having occurred under the terms thereof, and pursuant to a certain Deed of Appointment of Substitute Trustee dated December 30, 2024 and recorded on January 7, 2025 in Book 27528 at Page 244 removing Original Trustee and appointing RUSSELL S. DRAZIN ("Substitute Trustee") as successor trustee, Substitute Trustee will sell at public auction at the front entrance of the Circuit Court for Baltimore City, located at 100 N. Calvert Street (Courthouse West), Baltimore, Maryland, on

**MARCH 20, 2025 AT 12:00 PM**

ALL THAT FEE-SIMPLE OR LEASEHOLD LOT OF GROUND AND ANY IMPROVEMENTS THEREON situated in Baltimore City, Maryland, commonly known as 2427 Callow Avenue, Baltimore, MD 21217 (Account ID 13-11-3453-001J), and more fully described in the Deed of Trust, as well as ALL PERSONAL PROPERTY encumbered by the Deed of Trust (collectively, "Property").

The Property will be sold in an "AS IS" and "WHERE IS" condition and subject to recorded covenants, conditions, restrictions, agreements, and senior liens, if any, and with no warranty of any kind. Without limitation, the Property will be sold subject to that certain Deed of Trust dated September 23, 2021 and recorded on December 14, 2021 in Book 24013 at Page 304 from Borrower, as grantor, to Original Trustee, as trustee, for the benefit of Lender, as beneficiary, securing that certain Commercial Deed of Trust Note dated September 23, 2021 in the principal amount of $620,000.00 made by Borrower, as maker, payable to the order of Lender, as payee.

TERMS OF SALE: A deposit of $25,000.00 by cashier's check will be required of the purchaser at the time and place of sale. The balance of the purchase price to be paid in cash or certified funds within ten (10) days of final ratification of the sale by the Circuit Court for

Baltimore City. Interest to be paid on the unpaid purchase money at the rate in effect under the debt instrument secured by the Deed of Trust from the date of sale to the date of settlement. Secured Party, if a bidder, shall not be required to post a deposit or to pay interest.

Purchaser shall settle within ten (10) days of final ratification of the sale by the Circuit Court for Baltimore City. TIME SHALL BE OF THE ESSENCE WITH RESPECT TO SETTLEMENT BY PURCHASER. Cost of all documentary stamps (recordation taxes), transfer taxes and settlement expenses shall be borne by purchaser. Taxes, ground rent, water, and sewer, if applicable, are to be adjusted for the current year to the date of sale and assumed thereafter by purchaser.

In the event purchaser does not settle as required for any reason, purchaser shall be in default. Upon such default, Substitute Trustee may file a motion to resell the Property at the risk and expense of defaulting purchaser. Purchaser hereby consents to entry of such resale Order without further notice. Defaulting purchaser shall not be entitled to any surplus proceeds or profits resulting from any resale of the Property, and the deposit shall be forfeited to the Substitute Trustee and all of the expenses of this sale (including attorneys' fees and full commission on the gross sale price) shall be charged against and paid out of the forfeited deposit. Purchaser shall pay all attorneys' fees and costs, and all other damages of any kind or nature, incurred by Substitute Trustee and the secured party, and their respective agents, employees, successors and assigns, in connection with any such default.

If Substitute Trustee is unable to convey title, purchaser's sole remedy at law and in equity shall be limited to a refund of the deposit and the sale shall be considered null and void and of no effect.

Purchaser shall be responsible for obtaining physical possession of the Property. Purchaser assumes the risk of loss or damage to the Property from the date of sale forward.

Substitute Trustee reserves the right, in his sole discretion, to reject any and all bids, to withdraw the Property from sale at any time before or at the auction, to extend the time to receive bids, to waive or modify the deposit requirement, to waive or modify the requirement that interest be paid on the unpaid purchase money, and/or to extend the period of time for settlement.

Additional terms may be announced at the sale. Purchaser will be required to execute and deliver to Substitute Trustee a contract of the sale at the conclusion of the bidding.

Russell S. Drazin, Substitute Trustee

HARVEY WEST AUCTIONEERS, LLC
300 E. Joppa Road, Suite 1103, Towson, MD 21286
410-769-9797
-------------------------------------------------------------------------------------------------------------
THE DAILY RECORD–MARCH 4, 11, & 18, 2025

**Kwaku Ofori**

| | |
|---|---|
| **From:** | Beatrice Derefaka <bfaka2013@gmail.com> |
| **Sent:** | Wednesday, March 12, 2025 1:56 AM |
| **To:** | Kwaku Ofori |
| **Subject:** | Fwd: Loan maturity update - 2427 Callow Ave (1st & 2nd trust) |

---------- Forwarded message ---------
From: **Roxana Cordova** <RCordova@wcp.team>
Date: Mon, Apr 22, 2024 at 12:08 PM
Subject: Loan maturity update - 2427 Callow Ave (1st & 2nd trust)
To: bfaka2013@gmail.com <bfaka2013@gmail.com>

Beatrice,

Your loan extensions were approved for your 1st and 2nd trusts. The agreement has been sent to you via Adobe Sign for review and signatures.

**Please be advised that this is the last extension that will be granted on your loans. If we don't get paid in full by 7/23/2024 we will be forced to start the foreclosure process.**

1st trust new terms:

- New maturity date 7/23/2024
- Note rate remains at 14.25%.
- Extension fee $6,200.00

2nd trust new terms:

- New maturity date 7/23/2024
- Note rate remains at 17.99%.
- Extension fee $718.00

Thank you,



EXHIBIT
12

1

**Roxana Cordova  |  Servicing Manager**

**Washington Capital Partners**
www.washingtoncapitalpartners.com
8401 Greensboro Dr Suite 960

McLean, VA 22102
(703) 570-1603



*This message, including any attachments, may contain confidential, proprietary, privileged, and/or private information from Washington Capital Partners. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited*

IN THE CIRCUIT COURT FOR <u>Baltimore City</u>
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).

    ***Defendant:*** You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT     CASE NUMBER _____
(Clerk to insert)

**CASE NAME:** JEFDAN PROPERTIES, LLC    vs.    WASHINGTON CAPITAL PARTNERS
             Plaintiff                             Defendant

**PARTY'S NAME:** JEFDAN PROPERTIES, LLC      PHONE: _____

**PARTY'S ADDRESS:** 2235 CONQUEST WAY, ODENTON, MD  21113

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** KWAKU D. OFORI     PHONE: 301-592-8818

**PARTY'S ATTORNEY'S ADDRESS:** 11215-B LOCKWOOD DR., SILVER SPRING, MD  20901

**PARTY'S ATTORNEY'S E-MAIL:** KDOFORI@OFORILAWFIRM.COM

**JURY DEMAND?** ☐ Yes ☒ No

**RELATED CASE PENDING?** ☒ Yes ☐ No  If yes, Case #(s), if known: C-24-CV-25-000165

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours  1  days

### PLEADING TYPE

**New Case:** ☐ Original    ☐ Administrative Appeal    ☐ Appeal

**Existing Case:** ☐ Post-Judgment    ☐ Amendment

*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint – DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☒ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Worker's Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate

Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. – Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 12/2022)        Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

☐ Abatement
☐ Administrative Action
☐ Appointment of Receiver
☐ Arbitration
☐ Asset Determination
☐ Attachment b/f Judgment
☐ Cease & Desist Order
☐ Condemn Bldg
☐ Contempt
☐ Court Costs/Fees
☐ Damages-Compensatory
☐ Damages-Punitive

☐ Earnings Withholding
☐ Enrollment
☐ Expungement
☐ Financial Exploitation
☐ Findings of Fact
☐ Foreclosure
☐ Injunction
☐ Judgment-Affidavit
☐ Judgment-Attorney Fees
☐ Judgment-Confessed
☐ Judgment-Consent
☐ Judgment-Declaratory

☐ Judgment-Default
☐ Judgment-Interest
☐ Judgment-Summary
☐ Liability
☐ Oral Examination
☐ Order
☐ Ownership of Property
☐ Partition of Property
☐ Peace Order
☐ Possession
☐ Production of Records
☐ Quarantine/Isolation Order

☐ Reinstatement of Employment
☐ Return of Property
☐ Sale of Property
☐ Specific Performance
☐ Writ-Error Coram Nobis
☐ Writ-Execution
☐ Writ-Garnish Property
☐ Writ-Garnish Wages
☐ Writ-Habeas Corpus
☐ Writ-Mandamus
☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.    ☐ Liability is not conceded, but is not seriously in dispute.    ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000      ☐ $10,000 - $30,000      ☐ $30,000 - $100,000      ☒ Over $100,000

☐ Medical Bills $ _____    ☐ Wage Loss $ _____    ☐ Property Damages $ _____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation          ☒ Yes  ☐ No          C. Settlement Conference      ☒ Yes  ☐ No
B. Arbitration        ☐ Yes  ☐ No          D. Neutral Evaluation         ☐ Yes  ☐ No

| SPECIAL REQUIREMENTS |
|---|

☐  If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐  If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*

### *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☒ 1 day of trial time              ☐ More than 3 days of trial time
☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                Defendant's response

EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❏ **Expedited** - Trial within 7 months of Defendant's response          ❏ **Standard** - Trial within 18 months of Defendant's response

---

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ❏ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☒ Civil-Short | Trial 210 days from first answer. |
| ❏ Civil-Standard | Trial 360 days from first answer. |
| ❏ Custom | Scheduling order entered by individual judge. |
| ❏ Asbestos | Special scheduling order. |
| ❏ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ❏ Tax Sale Foreclosures | Special scheduling order. |
| ❏ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ❏ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❏ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❏ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❏ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

March 16, 2025
_____
Date

/s/ Kwaku D. Ofori                         0406150231
_____
Signature of Attorney / Party        Attorney Number

Kwaku D. Ofori
Ofori Law Firm, LLC, 11215-B Lockwood Dr.         _____
_____         Printed Name
Address

Silver Spring         MD         20901
_____
City          State          Zip Code