# FOURTH MODIFICATION OF COMMERCIAL DEED OF TRUST NOTE AND OTHER LOAN DOCUMENTS

This **Modification of Commercial Deed of Trust Note and Other Loan Documents** ("Agreement") is made as of the **22nd day of April 2024** ("Effective Date"), by and between **Jefdan Properties LLC,** ("Borrower"), a **Maryland Limited Liability Company** and on the one hand, **SF NU LLC**, a **New Mexico Limited Liability Company**, ("Noteholder") on the other hand.

## RECITALS

**WHEREAS**, on **July 31, 2020** ("Loan Date"), **WCP Fund I LLC** ("Lender"), a Delaware limited liability company, made a loan ("Loan") to Borrower in the principal amount of **$71,800.00** ("Loan Amount") in connection with the real property and improvements thereon commonly known **2427 Callow Avenue, MD 21217** ("Property").

**WHEREAS**, Lender modified the Loan to Borrower and the corresponding Loan Documents (as defined herein) pursuant to that certain Modification of Commercial Deed of Trust Note and Other Loan Documents dated as of **January 22, 2024** which extended the Maturity Date of the Loan to **April 23, 2024** (the "Third Loan Modification"). From and after the date hereof, all references to the "Loan" and the "Loan Documents" herein shall refer to the Loan and the Loan Documents as modified by the Third Loan Modification.

**WHEREAS**, the Loan is memorialized in that certain Commercial Deed of Trust Note (as modified, the "Promissory Note") dated as of the date of the First Loan Modification in the original principal amount of the Loan Amount made by Borrower and payable to the order of Lender.

**WHEREAS**, the Promissory Note is secured by that certain Deed of Trust (as modified, the "Deed of Trust") from Borrower, as grantor, to Daniel Huertas, as trustee, for the benefit of Lender, as beneficiary, dated as of the date of the First Loan Modification in the original principal amount of the Loan Amount and recorded among the land records of the jurisdiction in which the Property is located. The Promissory Note, Deed of Trust, and all other documents executed in connection with the Loan are collectively hereinafter referred to as the "Loan Documents." All capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Loan Documents.

**WHEREAS**, the Deed of Trust is a valid and enforceable lien encumbering the Property in first lien position.

**WHEREAS**, the Loan is a lawful, valid, and fully-enforceable debt of Borrower, and the Loan Documents are lawful, valid, and fully-enforceable in accordance with their terms against Borrower and the Property.

**WHEREAS**, Noteholder and Lender are not in breach of or in default under the Loan Documents.

**WHEREAS**, Borrower has no claims of any kind whatsoever against Noteholder or Lender in connection with the Loan, Loan Documents, and/or Property.

**WHEREAS**, the current Maturity Date of the Loan pursuant to the Third Loan Modification is **April 23, 2024** and the interest rate set forth in the Promissory Note is **17.99%.**

**WHEREAS**, Borrower has requested that the Loan and Loan Documents be modified to extend the Maturity Date from **April 23, 2024 to July 23, 2024**.

**WHEREAS**, Noteholder is willing to modify the Loan and Loan Documents as requested by Borrower upon the terms and conditions set forth in this Agreement.

**NOW**, **THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and the foregoing recitals being expressly incorporated herein by reference, the parties agree as follows:

1. Borrower represents and warrants to Noteholder that the foregoing recitals, which are incorporated herein by reference, are true, correct, and complete.

2. In consideration of Noteholder entering into this Agreement, Borrower shall pay to Noteholder a loan modification fee of **$1,436.00** ("Loan Modification Fee") at the time the loan is satisfied, *time being of the essence*. The Loan Modification Fee shall not be credited against the Loan.

3. Subject to Noteholder's timely receipt of the Loan Modification Fee, the Loan and Loan Documents hereby are modified such that (i) the Maturity Date set forth in the Promissory Note is extended from **April 23, 2024 to July 23, 2024**. If Noteholder timely receives the Loan Modification, then Date shall not have been extended as contemplated in this paragraph and/or any such extension shall be void ab initio; provided, however, that the other terms and conditions of this Agreement shall be and remain in full force and effect.

4. Borrower's default under or breach of this Agreement shall constitute a default and/or Event of Default under the Loan Documents.

5. Except as set forth in this Agreement, all terms and conditions of the Loan Documents shall remain in full force and effect, and unchanged, except as necessary to be consistent herewith.

6. Borrower waives and releases all claims, if any, against Noteholder and Lender occurring, arising, or accruing from the beginning of time and continuing through the Effective Date in connection with the Loan, Loan Documents, and Property.

7. Should any portion, or portions, of this Agreement be found or declared unenforceable or void by any court or competent tribunal for any reason, the remaining portions shall be severable, and fully enforceable as if no such finding of unenforceability had issued.

8. The parties declare that they fully understand the facts and all of their respective legal rights and liabilities; that they have been afforded the opportunity to review this Agreement with counsel of their choice; that they believe the Agreement to be fair, just, and reasonable; and that they sign the Agreement freely and voluntarily.

9. The waiver by any party of any breach of any provision of this Agreement shall not constitute or operate as a waiver of any other breach of such provision or of any other provision hereof, nor shall any failure to enforce any provision hereof operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

10. This Agreement shall be governed by, and construed in accordance with, the law of the jurisdiction in which the Property is located and shall be binding upon, inure to the benefit of, and be enforceable by the parties and their respective successors, assigns, heirs, agents, and representatives.

11. This Agreement contains the entire understanding of the parties with respect to the subject-matter of this Agreement, and there are no other agreements or understandings among the parties. There have been no representations or warranties, expressed or implied, as to the subject-matter of this Agreement.

12. The parties shall sign such further and other documents, do, and perform, and cause to be done and performed, such further and other acts and things as may be necessary or desirable in order to give full effect to this Agreement and every part thereof.

13. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the Agreement to be drafted.

14. Should Noteholder seek to enforce this Agreement and prevail in whole or in part, Noteholder shall be entitled to recover from Borrower the reasonable attorneys' fees and costs incurred in seeking to enforce this Agreement.

15. This Agreement may be executed in counterparts. Signed copies of this Agreement shall have the same force and effect as a signed original.

**[BALANCE OF PAGE INTENTIONALLY BLANK]**

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the parties hereto have executed this Agreement under seal as of the day and year first above written.

**BORROWER:**

**Jefdan LLC,**
a **Maryland Limited Company**

_____(SEAL)
Beatrice Derefaka (Apr 22, 2024 12:11 EDT)
By:   Beatrice Derefaka
Its:   Member

**NOTEHOLDER:**

**SF NU LLC**,
A New Mexico Limited Liability Company

By:   WCP Fund I LLC,
         a Delaware limited liability company
Its:   Servicer and/or Authorized Agent

_____(SEAL)
By:   Christina Araujo
Its:   Vice President of Finance

# 2427 Callow Avenue -Forth Modification (2nd trust)

Final Audit Report 2024-04-22

| | |
|---|---|
| Created: | 2024-04-22 |
| By: | Roxana Cordova (rcordova@wcp.team) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAApLNz4X_CvHQ-th120dRGCnVszO8o7NsB |

## "2427 Callow Avenue -Forth Modification (2nd trust)" History

- Document created by Roxana Cordova (rcordova@wcp.team)
  2024-04-22 - 3:47:27 PM GMT

- Document emailed to bfaka2013@gmail.com for signature
  2024-04-22 - 3:47:30 PM GMT

- Email viewed by bfaka2013@gmail.com
  2024-04-22 - 3:49:11 PM GMT

- Signer bfaka2013@gmail.com entered name at signing as Beatrice Derefaka
  2024-04-22 - 4:11:00 PM GMT

- Document e-signed by Beatrice Derefaka (bfaka2013@gmail.com)
  Signature Date: 2024-04-22 - 4:11:02 PM GMT - Time Source: server

- Document emailed to Christina Araujo (christina@wcp.team) for signature
  2024-04-22 - 4:11:03 PM GMT

- Email viewed by Christina Araujo (christina@wcp.team)
  2024-04-22 - 4:13:35 PM GMT

- Document e-signed by Christina Araujo (christina@wcp.team)
  Signature Date: 2024-04-22 - 4:13:54 PM GMT - Time Source: server

- Agreement completed.
  2024-04-22 - 4:13:54 PM GMT

Adobe Acrobat Sign